NOT DESIGNATED FOR PUBLICATION

No. 118,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL G. ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 1, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Paul G. Allen appeals from the district court's denial of his motion for a dispositional departure to probation on his felony sentences, arguing that the court abused its discretion. He also contends that his constitutional rights were violated when he was sentenced with a criminal history score of A without the State having to prove his prior convictions to a jury. Finding no error, we affirm.

1

Allen pleaded guilty to possession of methamphetamine, possession of paraphernalia, and driving while suspended. In exchange for his pleas both parties agreed to recommend the high number in the grid box for the possession of methamphetamine charge, 12 months in jail for possession of paraphernalia, and 6 months in jail for driving while suspended. The parties also agreed to recommend that all sentences run consecutively. Additionally, the parties agreed to recommend a dispositional departure on the methamphetamine charge because of Allen's age, health problems, willingness to enter drug treatment programs, and his acceptance of responsibility.

Before sentencing, Allen moved for a dispositional departure to probation. He argued that there were substantial and compelling reasons to depart because: (1) the State joined in the request for a departure, (2) Allen took responsibility for his actions by pleading guilty, (3) his most recent felony conviction had occurred seven years before the current case, (4) he suffered from severe health problems, and (5) he cared for his wife who was also ill.

At sentencing, the district court noted that Allen had a criminal history score of A. Both parties asked the court to follow the plea agreement. The court denied Allen's request for probation. The court expressed sympathy for Allen's health issues but believed that Allen's 32-year criminal history, which included other drug convictions and violent felonies, showed an inability or unwillingness to change. However, the district court did grant a durational departure and sentenced Allen to a reduced term of 20 months' imprisonment for possession of methamphetamine, 12 months' imprisonment for possession of paraphernalia, and 6 months' imprisonment for driving while suspended.

Allen has timely appealed from the district court's denial of his request for a dispositional departure and from his criminal history score of A.

ANALYSIS

*Allen's request for a downward dispositional departure*

Allen first argues the district court abused its discretion because no reasonable person would have denied his request for a downward dispositional departure.

We review the district court's decision to deny a departure motion for abuse of discretion. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

As an initial matter, we have jurisdiction to review the district court's decision to deny Allen's dispositional departure motion because the court also granted a durational departure and Allen's sentence is outside the presumptive sentence for his crime. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (appellate courts have jurisdiction to review departure sentence when sentence was shorter than presumptive sentence).

Under K.S.A. 2017 Supp. 21-6815(a) a district court "shall impose the presumptive sentence . . . unless the judge finds substantial and compelling reasons to impose a departure sentence." "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Here, it is clear to us that the district court did not abuse its discretion. The court considered Allen's stated reasons for a departure and found them substantial and

compelling enough to grant a durational departure. But just because there are substantial and compelling reasons to grant a durational departure does not mean that a dispositional departure is also warranted. See *State v. Sage*, No. 111,045, 2014 WL 7152370, at *3 (Kan. App. 2014) (unpublished opinion).

The district court believed that Allen was not amenable to probation. The court considered Allen's criminal history which included more than 60 other convictions ranging from traffic violations to violent felonies. Several of Allen's convictions were for drug related offenses. The court also considered Allen's own statement that he used narcotics to self-medicate to deal with his illness. Ample evidence existed to show that Allen was not amenable to probation.

A reasonable person could have reached the same decision as the district court based on this information. While Allen presented substantial and compelling reasons to support a durational departure, those same reasons did not warrant a dispositional departure. The district court did not abuse its discretion in denying Allen's motion for a dispositional departure. See *Marshall*, 303 Kan. at 445.

*Proof of criminal history*

Allen's second argument on appeal is that the State should have been required to prove his criminal history to the jury before he could be subjected to an increased sentence because of his criminal history score. Allen acknowledges that the Kansas Supreme Court has previously decided this issue against him in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

We are duty bound to follow Kansas Supreme court precedent, absent some indication that court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Because the Kansas Supreme Court clearly decided

this issue in *Ivory*, and there is no indication the court is departing from its previous position, we reject Allen's argument.

Affirmed.