IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,576

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA D. IBARRA,
*Appellant.*

SYLLABUS BY THE COURT

1.

All departure sentences are made appealable by K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision.

2.

A district court's decision to deny a departure request will not be reversed unless an appellate court determines that the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigating factors and/or aggravating factors constituted an abuse of discretion.

Review of the judgment of the Court of Appeals by order filed August 15, 2013. Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed February 16, 2018. Judgment of the Court of Appeals affirming in part and dismissing in part is affirmed. Judgment of the district court is affirmed.

*Catherine A. Zigtema*, of Maughan & Maughan LC, of Wichita, and *Carl F.A. Maughan,* of the same firm, were on the brief for appellant.

*Lesley A. Isherwood,* assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Joshua Ibarra pled guilty to two counts of aggravated indecent liberties with a child. Between December 19, 2010, and January 4, 2011, Ibarra—who was 23 years old at the time—had sex multiple times with a 15-year-old girl who was his former wife's stepsister. Prior to sentencing, Ibarra filed separate motions for dispositional and durational departures, citing mitigating factors such as his young age at the time of the crimes; the consensual nature of the sexual relationship; and his ongoing treatment. Prior to sentencing, the district court held an evidentiary hearing on the motions, during which a psychologist who examined Ibarra testified.

At sentencing on August 10, 2012, the court determined that Ibarra had a criminal history score of D because of a prior juvenile conviction for aggravated criminal sodomy, which Ibarra committed when he was 11 years old. His two current convictions placed him in a presumptive prison sentence range with a high of 100 months and a low of 89 months. See K.S.A. 2010 Supp. 21-3504(c); K.S.A. 2010 Supp. 21-4704. Relying on the psychologist's testimony, the court granted Ibarra a downward durational departure to 61 months' imprisonment on each count. The court found that Ibarra suffered from "some mental impairment lacking substantial capacity for judgment." It also noted that the degree of harm in this case was "significantly less than is typical of such an offense based upon the unique circumstances in this case." The court ordered the counts to run concurrently, resulting in a total prison term of 61 months. It further informed Ibarra that

he was required to register as a sex offender for the remainder of his life pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* Ibarra appealed.

On appeal, Ibarra argued that the district court erred by denying his motion for a dispositional departure to probation. He also argued for the first time that retroactive application of KORA's lifetime registration period violated the Ex Post Facto Clause. After issuing an order to show cause and considering Ibarra's response, the Court of Appeals summarily affirmed the district court's imposition of lifetime registration because Ibarra was raising his ex post facto challenge for the first time on appeal. The Court of Appeals summarily dismissed the remaining issue for a lack of jurisdiction because the district court had not departed adversely to Ibarra. We granted his petition for review.

Ibarra now reprises the arguments he advanced below. Generally, constitutional claims cannot be raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Because Ibarra complied with the mandate in Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) and invoked one of the exceptions to this general rule, we will briefly address the merits of his ex post facto claim. Recently, we explicitly held that "[r]egistration for sex offenders mandated by the Kansas Offender Registration Act . . . does not constitute punishment under the Ex Post Facto Clause of the United States Constitution." *State v. Reed*, 306 Kan. 899, Syl., 399 P.3d 865 (2017). Because Ibarra is a sex offender, *Reed* dictates that his constitutional claim must fail. Ibarra's lifetime registration requirement does not violate the Ex Post Facto Clause.

Next, Ibarra contends that the Court of Appeals erred by dismissing his dispositional departure argument for lack of jurisdiction under *State v. Crawford*, 21 Kan. App. 2d 169, 170, 897 P.2d 1041 (1995) ("We interpret the KSGA to limit appellate

3

jurisdiction by either the State or the defendant to those instances in which the sentencing court has departed adversely to the appealing party."). After the Court of Appeals entered its ruling in this case, we overturned *Crawford* in *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). In *Looney*, the defendant was granted a downward durational departure but denied a dispositional departure. After the Court of Appeals determined that appellate jurisdiction was lacking, we reversed, holding that "all departure sentences are subject to appeal under K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision." 299 Kan. at 909. As such, the Court of Appeals erred when it dismissed Ibarra's claim that the district court should have granted him a dispositional departure to probation.

Rather than remand to the Court of Appeals, we will—in the interest of judicial economy—consider the merits of Ibarra's claim. A district court's decision to deny a departure will not be reversed unless this court determines that "the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigators and/or aggravators constituted an abuse of discretion." *State v. Floyd*, 291 Kan. 859, 862, 249 P.3d 431 (2011); see *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013) ("This court employs an abuse of discretion standard when reviewing a district court's decision on a departure motion."). Substantial evidence is evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Mattox*, 305 Kan. 1015, 1035, 390 P.3d 514 (2017). "'A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.'" 305 Kan. at 1029-30 (quoting *State v. Moore*, 302 Kan. 685, 692, 357 P.3d 275 [2015]).

4

Dr. Jarrod Steffan evaluated Ibarra and testified about his findings in a hearing prior to sentencing. Dr. Steffan concluded that Ibarra presented a "moderate-high" risk of sexual recidivism, which was based on four risk factors: (1) Ibarra's young age; (2) his prior juvenile sex offense; (3) the fact that the prior offense involved a male; and (4) the current victim's unrelated status to Ibarra. Dr. Steffan also noted that Ibarra suffered "some debilitating symptoms of . . . depression and ADHD." And although Ibarra's intelligence was higher than the average person his age, Dr. Steffan believed Ibarra was "somewhat developmentally immature, rash in making decisions and doesn't necessarily think things through or is rather impulsive." Dr. Steffan ultimately believed it would be safe to permit Ibarra into the community if he complied with treatment recommendations as well as his conditions of probation.

At sentencing, the district court noted that the case presented "difficult and competing factors." It acknowledged that "Ibarra suffers from some mental impairment" and "the degree of harm or loss contributed to the crime is significantly less than is typical of such an offense." The court concluded that the facts of the case warranted a durational departure, but it believed that Ibarra did not have the "capacity" for probation.

The court's findings of fact are certainly supported by substantial competent evidence, as they largely mirror the evidence presented by Dr. Steffan. Moreover, the court did not abuse its discretion by declining to grant Ibarra a dispositional departure to probation. Given Dr. Steffan's findings—particularly his determination that Ibarra posed a "moderate-high" risk of sexual recidivism—we cannot say that no reasonable person would reach the decision of the district court.

Accordingly, we affirm the district court's ruling for different reasons than those stated by the Court of Appeals. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Affirmed.

\* \* \*

BEIER, J., dissenting:  Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. 899, 399 P.3d 865 (2017); and *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017), I respectfully dissent from the majority's decision in this case.

ROSEN and JOHNSON, JJ., join the foregoing dissent.