NOT DESIGNATED FOR PUBLICATION

No. 117,824

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM JOSEPH LONNIE HULSEY JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed June 15, 2018.
Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

POWELL, J.:  William Joseph Lonnie Hulsey Jr. appeals the district court's order
which imposed a 120-day prison sanction upon finding that he absconded from probation.
Hulsey claims the facts merely show that he failed to report, not that he was an
absconder. For reasons more fully explained below, we find sufficient evidence supports
the district court's conclusion that Hulsey absconded. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, Hulsey pled guilty to possession of methamphetamine, a severity level 5 drug felony, and possession of marijuana, a class A misdemeanor. On April 25, 2016, the district court granted Hulsey a downward dispositional departure and sentenced him to 12 months' probation. In December 2016, the State filed a motion to revoke Hulsey's probation, alleging he failed to follow the terms of his probation because he did not report to his probation officer, did not pay court-ordered costs and fees, and did not complete an outpatient treatment program. In April 2017, Hulsey was arrested, and the State amended its motion to allege Hulsey absconded from probation.

On May 2, 2017, the district court held a probation revocation hearing. Hulsey's probation officer, Jason Fuller, testified that Hulsey was placed in his supervision on April 25, 2016, and that the last time he had contact with Hulsey was on June 23, 2016. Fuller stated he attempted to locate and contact Hulsey by (1) visiting the address Hulsey provided to him at intake and leaving an appointment card with Hulsey's grandmother; (2) calling several times the phone number Hulsey provided and leaving a message with Hulsey's grandmother; and (3) sending a certified letter to Hulsey's address that was not returned. Fuller stated that after the above attempts he turned the case over to the absconder locator program.

Bobbie Bradbury testified that she worked in the absconder locator program and that a probation officer may give a case to the program after one missed appointment. Bradbury stated she received Hulsey's file on September 18, 2016, and spoke with Hulsey's grandmother that day. His grandmother stated that Hulsey was in and out of the house, that she had informed Hulsey of Fuller's attempt to contact him, and that she would tell Hulsey he needed to report but that Hulsey did not have a phone so she had to leave him a note. On September 26, 2016, Bradbury stated an officer visited Hulsey's reported address, but his grandmother told the officer that she had not seen him in four

2

days. His grandmother stated she would tell Hulsey to contact community corrections but, because he did not have a phone, she did not have a way to speak with or locate him. On October 7, 2016, Bradbury learned Hulsey had been taken into custody in Saline County on a child support or custody warrant. Bradbury forwarded the information to Fuller. Fuller stated that by the time he was notified on October 12, 2016, the booking logs indicated that Hulsey had bonded out. Fuller called Hulsey's grandmother, who said Hulsey had not returned home after his release.

Bradbury testified that she then learned that Hulsey had a court date scheduled for October 17, 2016, and she decided if he did not appear she would have a warrant issued for his arrest. Hulsey did not appear, and she pursued a warrant. On November 2, 2016, Bradbury sent a letter advising Hulsey of a panel date set for November 22, 2016. Bradbury received no response, and Hulsey did not appear for the panel. Fuller testified that after Hulsey's failure to appear, a show cause warrant was issued.

In addition to the above actions, Bradbury stated she monitored Hulsey's social media accounts which showed he was living in Salina, Kansas; but the accounts did not provide any other useful information, and she conducted National Crime Information Center (NCIC) warrant checks on Hulsey. Fuller stated that community corrections recommended the district court revoke and reinstate Hulsey to probation and impose a 60-day jail sanction.

Following the State's presentation of evidence, the district court held that because the State failed to present any evidence on the other alleged violations, it could not find Hulsey had violated his probation due to a failure to pay court costs or failure to complete the outpatient program. The district court held that Hulsey violated his probation by failing report to his probation officer and the facts supported the finding that Hulsey absconded. The district court ordered Hulsey to serve a 120-day prison sanction and, on

3

completion, serve a new 12-month probation term and complete a drug and alcohol evaluation.

Hulsey timely appeals.

## IS THE ISSUE MOOT BECAUSE HULSEY HAS SERVED THE 120-DAY PRISON SANCTION?

The State's principal argument is that Hulsey's appeal is moot. Hulsey even acknowledges that his challenge to the district court's finding that he absconded may be moot because he completed the 120-day prison sanction before we could reach the merits of his appeal. But Hulsey asserts the issue is not moot because if we find that he did not abscond, the district court was required to follow the graduated sanctions ladder for his probation violation. The State counters this argument by claiming Hulsey is not entitled to graduated sanctions prior to revocation because he was granted a dispositional departure at sentencing, meaning no meaningful relief can be granted to him.

When considering whether an issue is moot:

"Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. This is a court policy recognizing the judiciary's role to 'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.' The mootness test has been described as a determination whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."' [Citations omitted.]" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014).

4

If our ruling is ineffectual and would have no impact on the parties' rights, the appeal is ordinarily dismissed as moot unless an exception to the mootness doctrine applies. See *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

To fully address the mootness issue, a discussion of Kansas' probation violation framework is in order. When a defendant is granted probation for a felony, the district court is typically required to impose graduated intermediate sanctions prior to revoking probation. Exceptions to this rule include when a defendant commits a new crime, absconds, or the court finds with particularity that the public safety will be jeopardized or a defendant's welfare will not be served by such sanctions. K.S.A. 2017 Supp. 22-3716(c)(8), (9); *State v. Huckey*, 51 Kan. App. 2d 451, 454-55, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

In a typical case, the district court normally would have required Hulsey to serve a two- or three-day sanction in the county jail for a prior probation violation before it could impose the 120-day prison sanction for a subsequent violation. See K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(D); *State v. Allen*, 55 Kan. App. 2d 87, 89, 407 P.3d 661 (2017). However, if a district court finds a defendant has absconded from probation, it may skip the two- or three-day county jail sanction and immediately impose a 120-day prison sanction. See K.S.A. 2017 Supp. 22-3716(c)(8)(B)(ii). If a defendant commits another violation after serving the 120-day prison sanction, then the district court may revoke the defendant's probation and order that the underlying prison sentence be served. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

However, in support of its position that Hulsey is not entitled to any graduated sanctions because he was granted a dispositional departure at sentencing, thus making his appeal moot, the State relies on a 2017 amendment to 22-3716(c)(9) adding subsection (B), which provides:

"[c](9) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) *without having previously imposed a sanction pursuant to subsection* (c)(1)(B), (c)(1)(C) or (c)(1)(D) if:

. . . .

(B) the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction was originally granted as the result of a *dispositional departure* granted by the sentencing court pursuant to K.S.A. 2017 Supp. 21-6815, and amendments thereto." (Emphasis added.) K.S.A. 2017 Supp. 22-3716(c)(9)(B),

"Generally, criminal statutes in effect on the date a defendant committed a crime govern the defendant's penalties." *State v. Kurtz*, 51 Kan. App. 2d 50, Syl. ¶ 5, 340 P.3d 509 (2014), *rev. denied* 302 Kan. 1017 (2015). "[A] statutory change operates only prospectively, except when (1) its language clearly shows that the legislature intended retroactive application, or (2) when the statutory change does not prejudicially affect the parties' substantive rights and is merely procedural or remedial in nature." 51 Kan. App. 2d 50, Syl. ¶ 6.

Here, the district court granted Hulsey a downward dispositional departure to probation in April 2016, and the district court found Hulsey violated his probation on May 2, 2017. K.S.A. 2017 Supp. 22-3716(c)(9)(B) did not go into effect until July 1, 2017. See L. 2017, ch. 92, § 8. However, we need not resolve the retroactivity question because the amendment still applies to Hulsey prospectively as any future violations could result in his probation being revoked, notwithstanding the suggestion in this appeal that his claim is moot. But K.S.A. 2017 Supp. 22-3716(c)(1)(C) allows a 120-day prison sanction to be imposed only once, meaning should Hulsey violate the conditions of his probation again, the district court will not have the option of imposing the same sanction.

6

Accordingly, if we were to rule in favor of Hulsey, such an order would not be ineffectual. Hulsey's appeal is not moot.

### DID THE DISTRICT COURT ERR IN FINDING HULSEY ABSCONDED AND IN IMPOSING THE 120-DAY PRISON SANCTION?

In order for the district court to find Hulsey in violation of his probation solely on the ground that he absconded, the State was required to allege that Hulsey absconded and then prove that allegation by a preponderance of the evidence at an evidentiary hearing. See *Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 6. A "preponderance of the evidence" means "'evidence which shows a fact is more probably true than not true.'" *State v. Barlow*, 303 Kan. 804, 810, 368 P.3d 331 (2016) (quoting *In re B.D.-Y.*, 286 Kan. 686, 691, 187 P.3d 594 [2008]). On appeal, we review the district court's factual findings for substantial evidence. *Huckey*, 51 Kan. App. 2d at 457. "Substantial evidence is evidence that a reasonable person could accept as being adequate to support a conclusion." *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). We view that evidence in the light most favorable to the State. *State v. Hagan*, No. 106,338, 2012 WL 5392105, at *3 (Kan. App. 2012) (unpublished opinion).

To find a defendant absconded requires the State to prove that the defendant did something more than merely failing to report to a probation officer; instead, the evidence must establish the defendant "'depart[ed] secretly or suddenly, especially to avoid arrest, prosecution or service of process.'" *Huckey*, 51 Kan. App. 2d at 455. Thus, the State had to prove by a preponderance of the evidence that Hulsey "had fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." See 51 Kan. App. 2d at 458.

If the district court properly found that Hulsey absconded, then it had discretion under K.S.A. 2017 Supp. 22-3716(c)(8)(B)(ii) to bypass the two- or three-day jail

7

sanctions and immediately impose a 120-day prison sanction. The district court ultimately determined that several factors supported a finding that Hulsey absconded: He had not reported for 10 months; community corrections had made numerous attempts to locate and contact Hulsey at his reported address; his grandmother had informed Hulsey that Fuller was trying to contact him; Bradbury had checked Hulsey's social media and ran warrant checks on Hulsey through the NCIC; and Hulsey had been taken into custody but had bonded out before Fuller could follow up on the report.

Both parties argue that the factual circumstances in *State v. Coffman*, No. 112,885, 2015 WL 9287029 (Kan. App. 2015) (unpublished opinion), support their position on whether Hulsey absconded. Coffman testified she moved from the address she provided to her probation officer and moved again to four different motels without reporting any of the address changes to her probation officer during the period the State alleged she had absconded. Coffman's probation officer, Tonda McGrath, testified she attempted to contact Coffman several times: She called Coffman's phone number; she called Coffman's boyfriend's phone number and left a voicemail on the boyfriend's phone; and she sent surveillance officers and mailed a letter to Coffman's last reported address. The panel found substantial evidence established that Coffman had absconded because "[a] reasonable person could accept that Coffman's frequent moves coupled with McGrath's numerous attempts to contact Coffman supported a conclusion that Coffman departed secretly or suddenly to avoid supervision by her probation officer." 2015 WL 9287029, at *4.

We find *Coffman* persuasive because while it is true that the facts fail to show Hulsey moved from the address he provided to Fuller at intake, Hulsey was still similarly unavailable. The district court outlined the following facts upon which it relied to find Hulsey had done more than just fail to report: (1) Hulsey had failed to make contact with his probation officer for 10 months; (2) Community corrections made numerous unsuccessful attempts to locate Hulsey at his reported residence; (3) Community

8

corrections made several contacts with Hulsey's grandmother, at whose house he supposedly lived, and left messages with her with instructions for Hulsey to contact them; (4) The grandmother relayed such messages to Hulsey, yet he failed to respond; (5) A certified letter was sent to Hulsey at his reported address and was not returned; (6) Community corrections ran NCIC warrant checks on Hulsey; (7) Community corrections attempted to contact Hulsey while he was briefly incarcerated on a child support warrant, but he bonded out before contact could be made; and (8) Social media was checked for Hulsey's whereabouts. None of these efforts were successful. Other than changing addresses, we find the facts in *Coffman* very similar to the facts here. The question, then, is whether a change in address is required to establish absconding under these facts. We say no.

Another panel of our court has declared that "[e]fforts made by community corrections or an absconder locator program are immaterial in the absence of evidence that the probationer has made some effort to depart secretly or suddenly, flee, hide, or deliberately act to avoid arrest, prosecution, or service of process." *State v. Moreno*, No. 115,456, 2017 WL 2403186, at *5 (Kan. App. 2017) (unpublished opinion). We disagree. A probationer has an affirmative duty to report. A reasonable fact-finder could conclude, based on this duty, that an extended period of failing to report coupled with law enforcement's repeated and failed attempts to communicate with and locate a probationer constitute a deliberate effort on the part of a probationer to secret oneself or hide from the authorities. A probationer can be found if that person wants to be found, even in the absence of reporting, if the authorities are making sustained efforts to find such probationer.

Here, Hulsey knew he had a duty to report, and he failed to do so for nearly all of his period of probation. Repeated and sustained efforts to locate and communicate with him were unsuccessful, and these were not merely half-hearted attempts to locate a probationer who has not moved. When viewing the facts in the light most favorable to the

9

State, we agree with the district court's inference that Hulsey was doing more than just not reporting—he was deliberately avoiding the responsibilities required by his probation and was hiding himself from the authorities. That is absconding.

Affirmed.

* * *

ATCHESON, J., concurring in part and dissenting in part: Despite his unwillingness to report for probation—an unwillingness that persisted for nearly a year—William Joseph Lonnie Hulsey Jr. was not an absconder, as we have defined that term. The Saline County District Court, therefore, erred by imposing a 120-day prison sanction on Hulsey, since that punishment required the State prove he absconded. The State did not. I respectfully dissent from that much of the majority opinion and would reverse the district court's ruling.

I agree with my colleagues that Hulsey's appeal is not moot, even though he has already served the sanction. As provided in K.S.A. 2017 Supp. 22-3716(c)(1)(C), a district court may impose a 120-sanction only once during the course of a probation. If this sanction stands, then the district court no longer has that option should Hulsey again violate the conditions of his probation. The loss of that option is sufficient to preserve the legal controversy over the propriety of punishing Hulsey as an absconder. See *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012) (controversy becomes moot when judicial resolution of issue presented would no longer affect legal rights or alter legal relationship of parties).

If probationers abscond, the district court may bypass lesser sanctions and impose substantial punishments, as happened here, or revoke outright the probation and order the violators to serve their underlying sentences. K.S.A. 2017 Supp. 22-3716(c)(8)(B). This court has construed absconding as requiring something more than a probationer simply

10

failing to report as directed. *State v. Huckey*, 51 Kan. App. 2d 451, 456, 348 P.3d 997 (2015). As the *Huckey* court held, absconding requires that the probationer "depart secretly, especially to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d 451, Syl. ¶ 5. In short, an absconder must hide out or flee the jurisdiction.

Here, the State failed to produce evidence that Hulsey absconded. By all accounts, he continued to live with his grandmother at the address he provided the authorities. When they visited the residence, he wasn't there. But nobody offered direct or circumstantial evidence Hulsey actually lived somewhere else or had left Saline County altogether. Grandma always offered to tell Hulsey that he needed to contact his probation officer. And presumably she did so. Hulsey blew off those requests along with his obligation to report to his probation officer and otherwise participate in the program. His dilatoriness is remarkable for its duration. So Hulsey's failure to report properly could be characterized as chronic or even aggravated. On a continuum of blameworthiness, Hulsey might fare no better than an absconder. But none of that legally makes him an absconder. The State's evidence certainly did not.

I would reverse the district court's decision finding Hulsey to be an absconder and vacate the sanction imposed on him.