NOT DESIGNATED FOR PUBLICATION

No. 122,249

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOISY DEAN BAREFIELD II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed August 7, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Boisy Dean Barefield II pleaded guilty to one count of possession of methamphetamine and one count of interference with a law enforcement officer. The Shawnee County District Court granted the joint recommendation from Barefield and the State for a dispositional departure and sentenced Barefield to 12 months' probation with a controlling 30-month prison sentence. Barefield now appeals, arguing the district court erred in sentencing him. We granted Barefield's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). This court lacks jurisdiction to hear Barefield's appeal. The appeal is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2019, Barefield reached a plea agreement with the State, in which he agreed to plead guilty to one count of possession of methamphetamine and one count of interference with a law enforcement officer in exchange for the State dismissing the remaining counts. Consistent with the plea agreement, Barefield filed a motion for a dispositional departure from a presumptive 30-month imprisonment sentence to 12 months' probation. At sentencing, the State asked the district court to follow the plea agreement. The district court did so and sentenced Barefield to 30 months' imprisonment for possession of methamphetamine and 6 month's imprisonment for interference with a law enforcement officer, to be served concurrently. It then suspended the sentence, granted the dispositional departure, and imposed 12 months' probation. Barefield filed a timely appeal.

WE LACK JURISDICTION TO REVIEW BAREFIELD'S APPEAL.

Whether appellate jurisdiction exists is a question of law subject to de novo review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Barefield argues the district court erred in sentencing him. Under K.S.A. 2019 Supp. 21-6820(a), an appellate court has jurisdiction to review a departure sentence. This authority holds unless a more specific provision divests appellate courts of jurisdiction. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). Relevant here, K.S.A. 2019 Supp. 21-6820(c)(2) precludes appellate review of "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." This includes departure sentences agreed to by the State and the defendant. *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017).

The State and Barefield reached a plea agreement under which Barefield pleaded guilty to possession of methamphetamine and interference with a law enforcement officer in exchange for the State dismissing the other charges and the State joining in a recommendation for a dispositional departure to probation. The district court stated on the record that it would follow the agreement and sentenced Barefield to 12 months' probation with a controlling 30-month underlying prison sentence in conformity with the agreement. Because the district court imposed a sentence in conformity with the plea agreement, K.S.A. 2019 Supp. 21-6820(c)(2) controls. We, therefore, lack jurisdiction to review Barefield's sentence.

Appeal dismissed.