NOT DESIGNATED FOR PUBLICATION

No. 120,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTIN ELIZABETH BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed November 6, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Kristin Elizabeth Bell appeals the decision of the Cowley County District Court denying her dispositional departures to probation on two felony convictions for battery against a law enforcement officer but granting her significant durational departures on the sentences. We find no abuse of discretion under the circumstances and affirm the district court.

Bell was being held at the Cowley County jail in January 2018 when she became unruly and struck and spit on several corrections officers. Bell had a history of mental instability and apparently was refusing to take her prescribed medications before this

1

incident. The State charged Bell with four counts of battery against a law enforcement officer, severity level 5 person felony violations of K.S.A. 2017 Supp. 21-5413(c)(3)(D), and one count of criminal damage to property, a violation of K.S.A. 2017 Supp. 21-5813.

Bell's lawyer worked out an agreement with the State under which she would plead guilty to two counts of battery against a law enforcement officer and the remaining charges would be dismissed. In consideration of Bell's mental health issues, the State agreed to join in a recommendation for probation and, alternatively, for a prison sentence of 14 months if the district court were not amenable to placing Bell on probation. At a hearing in April 2018, the district court accepted Bell's pleas to the two charges and found her guilty.

At a sentencing hearing about two months later, the district court denied Bell's motion for a dispositional departure to probation and sentenced her to a prison term of 14 months on each conviction to be served concurrently. The district court noted that each conviction carried a standard guidelines sentence of 53 to 60 months in prison, based on Bell's criminal history, with a presumption for incarceration. So the durational departure to 14 months reflected a substantial benefit to Bell, as the district court pointed out. Although the district court acknowledged Bell's mental health issues, it also recognized her criminal history and her apparent unwillingness to take the medications prescribed for her.

The district court sentenced Bell in two other cases at the same time and adjusted those sentences with credit for jail time and other considerations in a way that left Bell to serve only the 14-month prison term in this case.

Bell has appealed the denial of her request for a dispositional departure to probation. That is an appealable ruling under *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). We review a district court's denial of a departure sentence for abuse of

judicial discretion. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

The appellate record at least suggests Bell may have served her sentence by the time she filed her brief with this court. Neither side, however, has indicated this case has become moot. Mootness is not a jurisdictional barrier to judicial action but rather a jurisprudential rein on the exercise of judicial authority that may be left unused. In the interests of expedition, we choose to address the merits of Bell's appeal rather than explore possible mootness.

On appeal, Bell does not argue the district court failed to appreciate the factual circumstances or misunderstood the governing law. She says that in light of her mental health issues, the district court abused its discretion by denying her probation when no other district court would do so. We are constrained to disagree. Given Bell's criminal history and ongoing involvement in the criminal justice system coupled with her refusal to take medication or otherwise deal with those issues, we believe other district courts would have declined to place Bell on probation and some would not have been nearly as lenient as this district court. We find no abuse of discretion.

Affirmed.