NOT DESIGNATED FOR PUBLICATION

No. 121,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY LANIER NORRIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed December 23, 2020. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Defendant Jerry Lanier Norris has appealed a sentence the Ford County District Court imposed on him following his no-contest plea to one count of possession of methamphetamine with the intent to distribute. Because the sentence conformed to the plea agreement Norris' lawyer negotiated with the State and Norris personally acknowledged, we lack jurisdiction to review the sentence, as provided in K.S.A. 2019 Supp. 21-6820(c)(2). We, therefore, dismiss this appeal.

The circumstances of the underlying crime are irrelevant to the sentencing issue, although we mention that Norris had more than three pounds of methamphetamine in his

1

possession when he was arrested. The State charged Norris with possession of methamphetamine with intent to distribute, a severity level 1 drug felony; possession of drug paraphernalia, a misdemeanor; and interference with a law enforcement officer, a misdemeanor.

Norris, through his lawyer, negotiated a resolution of the case that called for him to plead no contest to the drug charge and for the State to dismiss the misdemeanors. He and the State would make a joint recommendation to the district court that he receive and serve a prison sentence equal to one-third of the term called for in the sentencing guidelines. The record indicates the parties anticipated Norris would have a criminal history of H, based on two misdemeanor convictions, yielding a sentencing range of 142 to 161 months. The district court conducted a plea hearing in March 2019 and found Norris guilty of the drug charge based on his no-contest plea and the State's proffer of its evidence.

As it turned out, Norris had a criminal history of F—his two past convictions actually were felonies involving marijuana possession—making the guidelines sentencing range 150 to 167 months. The district court held a sentencing hearing on July 1, 2019. As a result of a failure with the audio recording equipment, we do not have a verbatim transcript of the sentencing hearing. The parties reconstructed a hearing record that the district court approved and made part of the case file, as provided in Rule 3.04(a) (2020 Kan. S. Ct. R. 23). We rely on that reconstructed hearing record.

At the hearing, Norris' lawyer argued for the recommended sentence, reflecting a downward durational departure from the guidelines, based on factors including Norris' strong family network and his continuing employment and good work record. The lawyer offered letters of support from Norris' mother and other family members and his employer. Consistent with a defendant's right of allocution, the district court asked Norris if he personally wished to speak before sentencing. Norris implored the district court to

impose the mitigated sentence called for in the plea agreement and to place him on probation. Norris' request for probation entailed a dispositional sentencing departure that was not part of the plea agreement.

After hearing from the lawyers and Norris, the district court imposed a sentence of 50 months in prison with postrelease supervision for 36 months. The district court denied Norris' personal request for probation. Norris has appealed.

Norris contends we have jurisdiction to hear this sentencing appeal based on *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014). In *Looney*, the court recognized that a criminal defendant generally could appeal a departure sentence that was less than what he or she had requested. 299 Kan. at 908. Under K.S.A. 2019 Supp. 21-6820(a), either the defendant or the State may appeal a departure sentence. The *Looney* court held that unless a more specific statutory provision applies, defendants can appeal their sentences if they receive departures less beneficial than they have sought. 299 Kan. 903, Syl. ¶ 4. In K.S.A. 2019 Supp. 21-6820(c), the Legislature identified two circumstances barring appellate review of felony sentences: (1) The sentence falls within the statutory guidelines range based on the defendant's criminal history; or (2) the sentence conforms to "an agreement between the [S]tate and the defendant" that the district court approves.[*]

[*]In *Looney*, the court construed K.S.A. 21-4721, the predecessor to K.S.A. 2019 Supp. 21-6820. The Legislature recodified the criminal code effective July 1, 2011. The earlier version governed Looney's appeal. But the operative provisions of K.S.A. 21-4721 and K.S.A. 2019 Supp. 21-6820 are the same.

In responding to Norris' appeal, the State bifurcates the district court's sentencing decision. The State says we have no jurisdiction to consider the 50-month sentence because it is a product of the plea agreement that the district court obviously approved and acted on. And so K.S.A. 2019 Supp. 21-6820(c)(2) controls over the broader provision in K.S.A. 2019 Supp. 21-6820(a) on departure sentences generally. But the

State addresses the district court's decision to deny Norris probation on the merits and submits the ruling entails an appropriate exercise of judicial discretion. Norris has not filed a reply brief.

We examine each of the State's positions in turn. As to the first point, we agree that we lack jurisdiction to review the 50-month sentence. Although the sentence reflects a downward durational departure, it is the product of a plea agreement that the district court followed. That is, the district court imposed the sentence the State and Norris agreed to recommend as part of their disposition of the case. Accordingly, K.S.A. 2019 Supp. 21-6820(c)(2) applies by its terms.

And K.S.A. 2019 Supp. 21-6820(c)(2) must apply to departure sentences. Otherwise, of course, it would cover only nondeparture sentences—which is to say presumptive guidelines sentences. If that were true, K.S.A. 2019 Supp. 21-6820(c)(2) would be wholly redundant of K.S.A. 2019 Supp. 21-6820(c)(1). We are disinclined to read out of existence a complete subsection of a statute when the full statute permits an entirely reasonable alternative construction giving meaning to all of its language. *State v. Van Hoet*, 277 Kan. 815, 826-27, 89 P.3d 606 (2004) ("The court should avoid interpreting a statute in such a way that part of it becomes surplusage.").

This court came to a comparable conclusion in *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017), holding that K.S.A. 2016 Supp. 21-6820(c)(2) took precedence over K.S.A. 2016 Supp. 21-6820(a) as the more specific statutory directive. That disposes of Norris' contention regarding the 50-month sentence and precludes our review.

We conclude the same rationale also prevents us from considering the district court's denial of probation. Norris personally asked for probation and in doing so went outside the plea agreement. The district court followed the plea agreement by ordering

Norris to serve the 50-month sentence in prison rather than granting him probation. Although the district court did not depart from a guidelines sentence to the degree Norris personally wished in denying him probation, it did adhere to the plea agreement in so ruling. Therefore, K.S.A. 2019 Supp. 21-6820(c)(2) controls (and extinguishes) our review of that aspect of the sentence, as well. We lack jurisdiction to consider the denial of probation. The result is consistent with *Looney* because the plea agreement in that case specifically preserved Looney's right to ask for probation in addition to the negotiated downward durational departure sentence. 299 Kan. at 909.

Even if we are mistaken in extending K.S.A. 2019 Supp. 21-6820(c)(2) to the denial of probation, the State prevails on the merits, as it has argued. We review a district court's denial of a departure sentence for abuse of judicial discretion. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Norris presented some circumstances favoring mitigation of his punishment. But there were also significant countervailing circumstances, including his continuing involvement with illegal drugs and the large amount of methamphetamine in this case. The district court understood those factual circumstances and the governing law. Norris doesn't argue otherwise. Rather, he says the denial of probation was so far off the mark no other district court would have done the same. We readily conclude that's incorrect.

Appeal dismissed.