NOT DESIGNATED FOR PUBLICATION

No. 125,074

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANKIE U. SEGURA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed November 23, 2022. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Frankie U. Segura Jr. pled guilty to attempted rape, attempted aggravated criminal sodomy, aggravated assault, kidnapping, and burglary as part of a plea agreement with the State. Although the district court granted Segura's request for a downward durational departure, it denied his request for a dispositional departure to probation. On appeal, Segura contends that the district court abused its discretion in finding that a dispositional departure was not warranted in this case. Based on our review of the record, we find that the district court's decision regarding Segura's request for a dispositional departure was reasonable. Thus, we affirm.

1

FACTS

Segura was charged in Sedgwick County District Court with one count of rape, two counts of aggravated criminal sodomy, one count of aggravated assault, one count of kidnapping, and one count of aggravated burglary. He subsequently entered into a plea agreement with the State in which he agreed to plead guilty to reduced charges pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). At the time the parties entered into the plea agreement, they believed that Segura's criminal history would be scored as a G.

At the plea hearing, the State proffered the following facts: The victim, K.S., was a neighbor of Segura's girlfriend. On July 14, 2018, Segura—who was intoxicated— entered K.S.'s apartment without permission. Segura then held K.S. captive in her apartment for nearly 30 hours. While in the apartment, Segura held a knife to K.S.'s throat and threatened to kill her. He attempted to commit aggravated criminal sodomy on K.S. using his penis but failed to complete the act of sodomy. He also attempted to rape K.S. with his penis but was unable to complete the act of rape. He then attempted to commit aggravated criminal sodomy on K.S. with his fingers but failed to complete the act of sodomy. Eventually K.S. was able to signal to neighbors, who called the police and were able to secure her release.

After the district court advised Segura of his rights and completed a colloquy with him to determine that his plea was voluntary, it accepted his *Alford* plea and found him guilty of attempted rape, two counts of attempted aggravated criminal sodomy, aggravated assault, kidnapping, and burglary. Later, it was discovered during the preparation of Segura's presentence investigation (PSI) report that his criminal history score was actually A rather than G. In response, Segura then filed a motion seeking a durational or dispositional departure.

2

At the sentencing hearing, the State recommended that the district court grant Segura a durational departure to 154 months in prison. In doing so, the State noted that this sentence would be consistent with the understanding of the parties regarding Segura's criminal history at the time the plea agreement was entered into. The State further indicated that it still felt this would be an appropriate sentence. However, given the violent nature of the crimes Segura committed in this case, the State asked that the district court deny Segura's request for a dispositional departure to probation.

In light of the age and nature of Segura's prior convictions, the district court found substantial and compelling reasons justifying a durational departure existed. However, due to "[t]he nature of [this] case itself, the violence that was inflicted, and the harm that was inflicted on the victim," the district court found that there were not substantial and compelling reasons to support a dispositional departure. Accordingly, the district court sentenced Segura to 151 months in prison.

ANALYSIS

The sole issue presented on appeal is whether the district court abused its discretion in denying Segura's request for a dispositional departure. In reviewing a district court's decision regarding a motion to depart, we first examine the record to determine if the district court's findings of fact are unsupported by substantial competent evidence. Substantial evidence is evidence that a reasonable person could accept as being adequate to support a conclusion. We also examine the record to determine if the district court abused its discretion in granting or denying the request for departure. A district court abuses its discretion only if its decision is unreasonable, based on an error of law, or based on a mistake of fact. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018).

K.S.A. 2021 Supp. 21-6815(a) allows a district court to depart from the presumptive sentence provided by the Kansas Sentencing Guidelines Act (KSGA),

provided that the district court finds that substantial and compelling reasons justify the departure. K.S.A. 2020 Supp. 21-6815(c) provides a nonexclusive list of mitigating and aggravating factors a district court may consider in determining whether substantial and compelling reasons for a departure exist. A sentencing court can also rely on nonstatutory factors to depart as long as they are consistent with the principles underlying the KSGA. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

In his brief, Segura contends that he came forward with substantial and compelling reasons to justify a dispositional departure to probation. He argues that he accepted responsibility for the crimes by entering a plea; that he allowed the State to avoid the time and expense of a jury trial by pleading; that the parties expected Segura's criminal history score to be G; that his criminal history included only one prior person felony; and that his prior convictions were over 20 years old. In response, the State points out that Segura was convicted of very serious crimes in this case; that his criminal history score of A is the highest score possible under the Kansas Sentencing Guidelines; that under the guidelines his sentence was presumptive imprisonment; and that none of the mitigating factors listed in K.S.A. 2021 Supp. 21-6815(c) are applicable.

As the State correctly points out, Segura did not truly accept responsibility for his actions. Instead, he entered an *Alford* plea and simply admitted that the State could present enough evidence to convict him of his crimes. Furthermore, as the State also points out, Segura did not present any evidence or take any other steps to show that he would not be a danger to the public if placed on probation. Likewise, it is undisputed that the district court already took the age of Segura's prior convictions into consideration in granting him a downward durational departure.

A review of the record reveals that the district court's decision was based on substantial competent evidence and Segura does not argue otherwise. Instead, Segura asks us to assess whether the district court's conclusion was reasonable. Accordingly, it is

Segura's burden to establish that no reasonable person would have reached the same decision as the district court regarding the request for dispositional departure. See *Ibarra*, 307 Kan. at 434.

The record reveals that Segura has not met his burden. As indicated above, Segura was convicted of multiple serious offenses for which prison is the presumptive sentence. See K.S.A. 2018 Supp. 21-6804. Moreover, the district court already gave Segura the benefit of a downward durational departure. Consequently, we conclude that the district court did not abuse its discretion in denying Segura's request for a dispositional departure. We, therefore, affirm Segura's sentence.

Affirmed.