NOT DESIGNATED FOR PUBLICATION

Nos. 124,890
124,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCINDA NICHOLE GUERRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed December 2, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Lucinda Nichole Guerra appeals from her sentences in case Nos. 19 CR 715 and 21 CR 360. We granted Guerra's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Having reviewed the record and finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2019, the State charged Guerra in case No. 19 CR 715 (Case 1) with distribution of methamphetamine and unlawful distribution of a controlled substance

1

using a communications facility. In June 2021, the State charged Guerra in case No. 21 CR 360 (Case 2) with two counts of possession of drug paraphernalia and one count each of distribution of methamphetamine, fleeing or attempting to elude law enforcement, interference with law enforcement, possession of marijuana, possession of a hallucinogenic drug, criminal damage to property, and driving on lawn or personal property.

At a preliminary hearing in July 2021, the State announced the parties' agreement that Guerra would plead no contest to one count of distribution of methamphetamine in Case 1 and to one count of fleeing and eluding in Case 2 in exchange for the State's dismissal of all other charges. The State also agreed to recommend a downward durational departure to 120 months in Case 1. The district court accepted Guerra's pleas and set the cases for sentencing.

In August 2021, Guerra moved for a durational departure to 120 months in Case 1, in accordance with the plea agreement. Then, after receiving a continuance of the sentencing hearing in September 2021 due to "ongoing negotiations in this matter," Guerra moved to withdraw her plea and to replace her appointed counsel. But she later withdrew both motions after a hearing.

Three days before her scheduled sentencing hearing in February 2022, Guerra moved for a further durational and dispositional departure, asserting:

> "The Defendant and the State entered into post-plea negotiations, in which, if the information provided by the defendant resulted in a conviction, there would be a joint agreement recommending departure to probation, if the information was valuable, but did not lead to a conviction, there would be a joint recommendation for a durational departure to a lessor term than in the original plea agreement."

At sentencing, the district court noted that "unusual circumstances" had arisen, referring to Guerra's post-plea negotiations with the State. In short, Guerra had offered to provide information about a murder that happened about 10 years ago in exchange for leniency at sentencing, but the State believed the information she provided did not warrant deviating from the plea agreement. Even so, the State agreed Guerra should be allowed to plead her case for a greater departure.

The district court heard testimony from two investigating officers who had interviewed Guerra in August 2021. Both testified that the State's willingness to offer leniency depended on whether the information revealed by Guerra led to a "prosecutable case," meaning charges filed. The officers had followed up on Guerra's information by traveling to Washington state to interview another witness. That witness also gave information that, if followed up with another interview, created a "strong probability of arrest" and would eventually lead to criminal charges. Still, the officers did not believe the murder case would be ready to prosecute "today."

Guerra testified that she had shared the same information with her previous attorney who was replaced right before she entered the plea agreement in these two cases. But that attorney did not relay her information to the police or to her current counsel before she agreed to enter her plea. Guerra believed that the court should grant her probation because of the information she had provided and because she had recently tried to work on drug and alcohol treatment. Yet she also acknowledged her struggles with probation in other cases.

The district court found, without objection, that Guerra had a criminal history score of A. As for the departure motions, the court found substantial and compelling reasons to depart only to the agreed-upon sentence. Thus, the court imposed a sentence of 120 months in Case 1 and 16 months in Case 2, then ran them consecutive for a controlling prison term of 136 months.

Guerra appeals from her sentences.

ANALYSIS

Guerra contends the district court abused its discretion by "refusing to grant a more substantial departure than the plea based sentencing agreement." Her argument that the district court should have deviated from the plea agreement it approved presents a jurisdictional issue. See *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019). An appellate court typically cannot review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2021 Supp. 21-6820(c). Under that general rule, this court lacks jurisdiction to review her sentence because it resulted from an approved plea agreement.

But another provision of that same statute allows an appellate court to review "a departure sentence." K.S.A. 2021 Supp. 21-6820(a). The Kansas Supreme Court addressed appellate jurisdiction to review a departure sentence under similar circumstances in *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014). There, the defendant and State agreed to a downward durational departure in a plea agreement that the district court followed. In doing so, the court denied the defendant's request for a dispositional departure to probation. On appeal, the State argued no appellate jurisdiction existed, but our Supreme Court disagreed: "[A]ll departure sentences are subject to appeal under K.S.A. 21-4721(a) [predecessor to K.S.A. 2021 Supp. 21-6820(a)] unless appellate jurisdiction is divested by a more specific provision." 299 Kan. at 909. So appellate courts generally have jurisdiction over departure sentences.

Guerra received a downward departure here. But our decision about jurisdiction is blurred by Guerra's lack of clarity about the scope of her sentencing challenge. True, she argues that the district court abused its discretion by refusing to grant a "more substantial departure than the plea based sentencing agreement." But that could mean she wanted

4

either: (1) a dispositional departure along with the agreed-upon durational departure; or (2) a shorter underlying sentence than the one imposed—a durational departure. In any event, based on *Looney* and cases applying it, we have jurisdiction only over the district court's refusal to grant a dispositional departure. Compare *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018) (applying *Looney* and finding error in dismissal of appeal from denial of dispositional departure not included in plea agreement) with *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017) (dismissing appeal because approved plea agreement included both a durational and dispositional departure).

We review a district court's denial of a departure motion for an abuse of discretion. Because Guerra does not specifically allege an error of fact or law, she must show that no reasonable person would agree with the district court's decision to deny her request for a dispositional departure to probation. See *Ibarra*, 307 Kan. at 433-34 (district court abuses its discretion in denying a departure motion if it relies on an error of fact or law or if no reasonable person would agree with its decision).

Here, the district court found that Guerra's information was potentially fruitful but was not yet prosecutable:

> "[Guerra] clearly understood that as far as a benefit for her, at this time, it had to be—it had to result in something—a prosecutorial case quickly. And, it hasn't done that.
>
> "And, so, I basically find that the State has not violated any plea agreement by what they argued today. And, I don't think that surprises anybody that that's what they're going to argue. And, so, I'll find that for the record purposes.
>
> "But, I do find the information is potentially fruitful based upon the testimony, as well, but hasn't been fruitful to this point. Well, that's not even quite accurate. It hasn't been fruitful to the extent that the County Attorney has a case they could prosecute yet. And, that was the standard as far as the understanding initially."

Guerra does not persuade us that no reasonable person would have agreed with the district court's decision to deny her request for a dispositional departure to probation. She understood that the State expected her to supply information leading to a swift arrest and charges in the murder case before it would recommend probation. Although Guerra gave information that furthered the investigation, that information was not enough to create a prosecutable case. We thus find no abuse of discretion in the district court's denial of Guerra's motion for a dispositional departure to probation.

Affirmed.