NOT DESIGNATED FOR PUBLICATION

No. 126,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LASHONDA LASHAY PATTILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed October 4, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Lashonda Lashay Pattillo appeals her sentence following her conviction of possession of methamphetamine. We granted Pattillo's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State has filed no response. Following a review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Pattillo pled no contest to a single count of possession of methamphetamine, a severity level 5 nonperson drug felony. Under the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., Pattillo was subject to a presumptive prison

1

sentence of 18 to 22 months based on her combined criminal history score and the severity level of her crime. Pattillo also faced a presumptive prison sentence by special rule because she committed a crime while on felony probation. See K.S.A. 21-6604(f)(1).

Before sentencing, Pattillo requested a dispositional departure from the presumptive prison sentence. In this written motion, Pattillo argued she had a history of drug use and needed treatment. She claimed that she would benefit from rehabilitation more than incarceration." At the sentencing hearing, Pattillo told the court that she lived with her mother and was taking care of her 12-year-old child. She denied using drugs or needing drug treatment, but she expressed a willingness to go back to treatment if needed. The State objected to Pattillo's request for probation, but it claimed it did not oppose a durational departure to 12 months in prison.

The district court noted that Pattillo had a "fair amount of drug history" in her criminal history and denied her request for a dispositional departure to probation. Instead, it granted a durational departure based on the factors in her written motion and sentenced Pattillo to 12 months in prison. Pattillo timely appeals.

ANALYSIS

On appeal, Pattillo argues that the district court erred by denying her request for a dispositional departure. Pattillo provides no support or reasons for her claim that the district court abused its discretion in denying her request for probation. Because the district court granted her a durational departure sentence, this court has jurisdiction to review her claim that the district court erred in denying her request for a dispositional departure. K.S.A. 21-6820(a) (Departure sentences are "subject to appeal by the defendant or the state."); see *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018); *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014).

2

A district court may depart from the presumptive sentence required by the KSGA when the court finds "substantial and compelling reasons" to justify the departure. K.S.A. 21-6815(a). Substantial reasons are "'real, not imagined, and of substance, not ephemeral.'" *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021). A district court's decision to deny a departure will not be reversed unless this court determines that the district court's findings of fact are not supported by substantial competent evidence or that the court's consideration of facts supporting its decision constituted an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Ibarra*, 307 Kan. at 433.

The party asserting that the district court abused its discretion—in this case Pattillo—bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Pattillo makes no claim that the district court abused its discretion by acting unreasonably or basing its decision on an error of fact or law.

At sentencing, the district court discussed with Pattillo her family situation, her employment status, her history of drug convictions, and her status on probation and in drug treatment. After considering those factors, the district court denied Pattillo's request for a dispositional departure to probation, but it granted a durational departure from the presumptive sentence and imposed a shorter prison term of 12 months "due to reasons cited in [her] motion." The court did not find these factors warranted a dispositional departure.

As an appellate court, our review is limited to determining whether the district court's findings of fact and reasons justifying the denial of departure are supported by evidence. *Montgomery*, 314 Kan. at 36. Pattillo makes no argument to the contrary, and our independent review of the record reveals that the district court's decision was based

on substantial competent evidence. Pattillo fails to persuade us that no reasonable person would have taken the review of the district court. As such, we find no abuse of discretion.

Affirmed.