NOT DESIGNATED FOR PUBLICATION

No. 127,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL DE JESUS RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; LAURA MISER, judge. Submitted without oral argument. Opinion filed April 25, 2025. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Ashley McGee*, assistant county attorney, *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., MALONE and COBLE, JJ.

PER CURIAM: Manuel De Jesus Rodriguez appeals his sentence for possession of methamphetamine with the intent to distribute and possession of fentanyl. Although the district court granted Rodriguez' request for a durational departure, he claims the district court abused its discretion when it denied his request for a dispositional departure to probation. Finding no abuse of discretion, we affirm Rodriguez' sentence.

1

Rodriguez pleaded no contest to two felony drug charges, possession of methamphetamine with the intent to distribute and possession of fentanyl. Based on his criminal history score of C, Rodriguez faced a presumptive sentencing range of 37/40/42 months' imprisonment. Before sentencing Rodriguez moved for a downward dispositional departure, arguing (1) that his criminal history score (which only included one prior person felony from 2006) was stale and (2) that he had acknowledged his substance abuse problem and wanted to receive treatment. He asserted that these circumstances warranted a sentence of probation, not incarceration.

At sentencing, Rodriguez reiterated the arguments from his motion, including that he would be willing to remain in jail until a bed in a treatment facility became available. The State opposed the departure request, noting that while Rodriguez had not committed any person felony in some time, he had been convicted of two drug related crimes that posed public safety concerns. The State also pointed out that despite Rodriguez' willingness to participate in a treatment program, the case was not a simple possession but a distribution-level offense, which implicated greater concerns than simply Rodriguez' personal use of drugs. The State asked the district court to impose the standard presumptive sentence of imprisonment but order the two counts to run concurrently.

After hearing the arguments, the district court found that the staleness of Rodriguez' prior person felony conviction was a substantial and compelling reason supporting a durational departure, but not a dispositional departure to probation. The district court imposed a controlling sentence of 30 months' imprisonment, with the two counts running concurrently, followed by 24 months' postrelease supervision. The journal entry cited the "[a]ge of [Rodriguez'] prior felony conviction" as the sole basis for the durational departure. Rodriguez timely appealed the sentencing order.

ANALYSIS

On appeal Rodriguez argues that the district court abused its discretion at sentencing because it should have granted a dispositional departure to probation rather than the durational departure it granted him. The State maintains that the district court did not abuse its discretion. A defendant may appeal a departure sentence even if they received a portion of a requested departure. K.S.A. 21-6820(a) (departure sentence subject to appeal); see *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018) (holding that appellate courts have jurisdiction to review departure sentences even if the appeal is taken by the party receiving a portion of a requested departure sentence).

This court reviews a district court's decision regarding a departure sentence for abuse of discretion. See *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). Judicial discretion is abused where judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. And as the party asserting that the district court abused its discretion, Rodriguez bears the burden of showing it. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

K.S.A. 21-6815(a) requires a sentencing court to impose the presumptive sentence unless the court finds "substantial and compelling" reasons to impose a departure sentence. A substantial and compelling reason to depart from a presumptive sentence is a reason that "is real, not imagined, and of substance, not ephemeral" and which "forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." *Morley*, 312 Kan. 702, Syl. ¶¶ 3-4. K.S.A. 21-6815(c)(1) provides a nonexclusive list of mitigating factors upon which a court may rely in determining whether substantial and compelling reasons for a departure exist. 312 Kan. at 706.

Rodriguez argues that he presented a compelling case for a probationary sentence because he is not a "dangerous offender" and was "amenable to drug treatment." The

district court considered both of these factors in ordering Rodriguez' sentence, and it explicitly noted the fact that Rodriguez had not committed a violent crime in nearly two decades was a substantial and compelling reason for granting a downward durational departure. Rodriguez maintains that it was unreasonable for the court to decline to depart further by granting probation. But the mere fact that the circumstances could have supported a more generous departure does not render the district court's decision unreasonable. The Kansas Supreme Court has repeatedly found "that the presence of mitigating factors does not require a sentencing judge to impose a lesser sentence." *State v. Fowler*, 315 Kan. 335, 339-40, 508 P.3d 347 (2022) (collecting cases).

The district court attentively considered the mitigating factors presented in Rodriguez' departure motion. Rodriguez was convicted of a distribution-level drug possession crime, lessening the import of his amenability to receiving substance abuse treatment and elevating concerns about public safety. And although Rodriguez had no person felony conviction since 2006, his presentence investigation report listed 18 prior convictions including a conviction of distributing methamphetamine in 2015. A reasonable person could have reached the same decision as the district court based on the information presented at sentencing. While Rodriguez presented substantial and compelling reasons to support a durational departure, those same reasons did not warrant a dispositional departure. We conclude the district court did not abuse its discretion in denying Rodriguez' motion for a dispositional departure.

Affirmed.