NOT DESIGNATED FOR PUBLICATION

Nos. 123,001
123,002

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY SHANE UNGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: In this consolidated appeal, Casey Unger appeals (1) the trial court's decision to deny his request for a dispositional departure and (2) the trial court's decision to include previous criminal convictions in determining his criminal history score arising from two Sedgwick County cases—No. 15 CR 2767 and No. 19 CR 1416. Unger moved for summary disposition under Supreme Court Rule 7.041A (2020 Kan S. Ct. R. 47). The State responded and asked that we affirm the trial court's judgment. We granted Unger's motion for summary disposition. Concluding the trial court's decision was reasonable, we affirm.

1

In October 2015, the State charged Unger with three counts of unlawfully distributing a controlled substance. While Unger was on bond, Sedgwick County authorities charged him in another case with aggravated assault and domestic battery from an incident arising in May 2019. Under a plea agreement, Unger pleaded guilty to one count of distribution in the 2015 case and one count of criminal threat in the 2019 case. The State agreed to dismiss the remaining counts in both cases and to recommend the low number in the appropriate sentencing grid box on each count. Further, both parties agreed to recommend that the trial court impose the presumptive sentence in each case and run the sentences consecutively. At sentencing, Unger requested a durational and a dispositional departure.

The trial court classified Unger's criminal history score as C in the 2015 case and G in the 2019 case. The trial court granted Unger a downward durational departure in the 2015 case and sentenced Unger to 49 months' incarceration with 12 months' postrelease supervision. In the 2019 case, the trial court sentenced Unger to 7 months in prison, but released him on a 12-month probation term. The trial court ordered this sentence to run consecutive to his sentence in the 2015 case.

On appeal, Unger first argues that the trial court erred in using his criminal history without first putting it before a jury and proving it beyond a reasonable doubt. Unger contends that this violates his constitutional rights as explained in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Apprendi* holds that other than the fact of a previous conviction, any fact that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. Our Supreme Court adopted the *Apprendi* analysis in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), holding that the use of prior criminal history does not violate a defendant's constitutional rights. See also *State v. Fewell*, 286 Kan. 370, 396, 184 P.3d 903 (2008) (affirming *Ivory*). The court reasoned that previous convictions are a sentencing factor and not an element of the crime. *Ivory*, 273 Kan. at 46. Thus, the trial

2

court did not err in using Unger's prior criminal history to determine his sentence under the Kansas Sentencing Guidelines Act.

Second, Unger argues that although the trial court granted his departure motion by imposing a durational departure sentence, the trial court abused its discretion by denying his request for a dispositional departure in the 2015 case. This court has jurisdiction to review an appeal from a departure sentence under K.S.A. 2020 Supp. 21-6820(a). See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (holding departure sentence subject to appellate review unless divested by more specific provision of statute). This court reviews the extent of a departure under an abuse of discretion standard. See *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). An abuse of discretion occurs when judicial action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Miller*, 308 Kan. 1119, 1138, 427 P.3d 907 (2018). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

On appeal, Unger contends that no reasonable person would have denied his request for a dispositional departure because he (1) has a supportive family who would provide guidance while on probation, (2) was prepared to address his drug addiction and health issues by participating in various outpatient treatments, and (3) obtained employment and had the ability to keep working while on probation. Unger is essentially asking this court to reweigh the evidence in his attempt to justify a greater departure.

Kansas law provides that "the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2020 Supp. 21-6815(a). "Substantial" means something real, not imagined; something with substance, not ephemeral, while "compelling" means that the court is forced, by the facts of the case, to

3

leave the status quo or go what is beyond ordinary. *State v. Powell*, 308 Kan. 895, 914, 425 P.3d 309 (2018).

The trial court considered Unger's stated reasons for departure and determined that the plea agreement and Unger's supportive family to be substantial and compelling reasons for a durational departure. Just because a durational departure is warranted, however, does not necessarily mean that a dispositional departure is also appropriate. See *State v. Allen*, No. 118,774, 2019 WL 986038, at *2 (Kan. App. 2019) (unpublished opinion) (granting durational departure but denying dispositional departure because defendant not amenable to probation), *rev. denied* 310 Kan. 1063 (2019).

Here, it is clear that the trial court did not abuse its discretion. The trial court made clear that Unger violated the law, finding that the severity of Unger's offenses did not justify substantial and compelling reasons for a dispositional departure. Further, the trial court did not believe that Unger was amenable to probation as Unger committed the offenses in the second case while on bail in the initial case.

Based on this information, a reasonable person could have reached the same conclusion as the trial court. While Unger provided substantial and compelling reasons to support a durational departure, those same reasons did not support a dispositional departure. The trial court did not abuse its discretion in denying Unger's request for a dispositional departure.

Affirmed.