NOT DESIGNATED FOR PUBLICATION

Nos. 126,527
126,528
126,529

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMERON E. BONNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 19, 2024.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

HURST, J.:  Jameron E. Bonner appeals his sentences in three cases arguing that the district court should have given him a more generous downward durational departure in his sentences. The cases are consolidated on appeal, and this court granted Bonner's motion for summary disposition under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48). The State does not object to summary disposition. Finding no error, the district court is affirmed.

1

Bonner's appeal relates to his plea agreements in cases 22CR587 and 22CR598. According to the court's pronouncement at the plea hearing, in 22CR587 Bonner pled guilty to eight counts of severity level 9 felony burglary, seven counts of misdemeanor theft, three counts of severity level 9 felony theft, one count of severity level 7 felony theft, and one count of severity level 5 felony burglary for acts he committed in August 2021. In 22CR598, Bonner pled guilty to two counts of misdemeanor theft and one count of severity level 9 felony theft for acts he committed in November 2021.

In July 2022 Bonner pled guilty in these cases pursuant to an initial plea agreement in which the State agreed to recommend a dispositional departure to probation. That plea agreement in 22CR587 and 22CR598 permitted the State to recommend any sentence—including incarceration—"in the event the defendant is arrested, commits a new offense, violates bond conditions or fails to appear for a court appearance at any time after the entry of the plea agreement and the time of the sentence being imposed." In September 2022, before the district court sentenced Bonner pursuant to the initial plea agreement, he committed new offenses while on felony bond. As a result of those allegations, Bonner pled guilty to two counts of severity level 9 felony theft and one count of severity level 9 felony burglary in a third case—22CR1387.

Before sentencing, Bonner filed one motion for a downward departure in all three cases, seeking a dispositional departure to probation or—in the alternative—a downward durational departure to a shorter prison term. Bonner argued the following factors constituted substantial and compelling reasons for departure:  (1) Bonner's cooperation in expeditiously resolving these cases; (2) Bonner's demonstration of remorse and acceptance of responsibility; (3) Bonner's relative youth; (4) Bonner's work ethic, career opportunities, and earning capacity; (5) Bonner's ability to pay restitution; (6) Bonner's amenability to rehabilitation with the support of his family; (7) probation would better

serve Bonner's rehabilitation while also protecting society; (8) probation would provide Bonner the opportunity for rehabilitation and to fulfill his familial and financial obligations; and (9) Bonner would agree to successful completion of all rehabilitation programs as a condition of probation. Bonner later filed a supplemental motion for a downward departure in all three cases.

The district court did not consolidate the cases for sentencing but conducted a single sentencing hearing. In 22CR587, the district court sentenced Bonner to a controlling prison term of 46 months. In 22CR598, the district court sentenced Bonner to a controlling prison term of 9 months. And in 22CR1387, the district court sentenced Bonner to a controlling prison term of 9 months. The district court ordered Bonner's sentences in 22CR598 and 22CR1387 be served concurrently but consecutive to the sentence in 22CR587. Therefore, the district court's sentences in these three cases resulted in a total controlling prison term of 55 months. The district court then granted Bonner's motion for a downward durational departure and reduced his overall controlling prison term to 48 months. The district court's sentencing journal entries show that the district court specifically granted a downward durational departure in 22CR587.

The district court found that "there are substantial and compelling reasons that [Bonner's attorney] has argued that are persuasive enough to reduce the amount of time that [Bonner] will be spending with us in prison." The district court further explained:

> "I'm granting you this . . . durational departure for the reasons that have been set forth in [your attorneys'] briefs which I thought were great briefs. I just don't feel that there's justification to do the things that [your attorney] has asked me to do, and I'll give you the reasons for that. And I'm not doing that to scold you because you've always been a good guy—you've always been a gentleman up here and very respectful, and I feel bad for you that you got into all this trouble at such a young age, but, you know, you're smarter than the average guy that comes through here and you are gentlemanly, and we talked about this. You worked for [W.H.], didn't you? Over at Popeye's, [W.H.], over at Popeye's?

3

Who's a friend. I mean, I know [W.H.] really, really well, and that speaks highly of you that you work for him. So those are the reasons that I'm granting you this concession.

"However, the problem that we all had was when you were out after the first case and then you got into some trouble again, and a judge looks at that. I look at that, and we all wish that wouldn't have happened because we would have been so happy to be able to put you on probation, but had you been on probation already for the first case and then committed those other things, you were facing a probability of being revoked and imposed in the sentences in the other case, so all in all it's probably turned out better that you just got it all out of the way at the same time. My reasons for doing this, the sentence that I did and not giving you probation or work release or Residential is in the Plea Agreement, the State felt that they cut you a good deal, and they did. I think that they cut you a really good deal because your attorneys were superb in this case, and the State was very cooperative because they see something in you that we all see in you.

"Then the sentences were all basically run together. Let's say if you—you could've been in prison for most of your adult life, and all of that's cut down to four years, and you get credit for the time that you spent with us in jail so we're talking about less than that. And then we move into today and we see that the State is still saying prison is the right thing to do, and I happen to agree with that.

"Then we look at Special Rules and they steer us into prison. We look at some of the other crimes that you have committed, and probably the thing that persuaded me more than anything was unfortunately the fact that you got into trouble shortly after you got released on your bond while you were waiting for the sentencing on it.

"Another thing that I took into account, your people were here for you before. They were all cordial people, respectful people, and when we have people like that in your life, I think it gives somebody an opportunity to spring forward into a successful future.

"Now—and I owe a responsibility to society, also, and my responsibility to society says this is what I think. So I look at what the sentence is, and I feel that that's fair. I think it's very generous, but I think you deserve it and I think you'll be the type of guy when you go to prison who takes advantage of the opportunities that will be afforded to you for leadership positions and to do good things, and educational positions."

4

The district court's sentencing journal entry in 22CR587 also enumerated these bases for departure:

"● Compelling reasons for departure exist;

"● Defendant has fully cooperated with expeditious dispositional of this matter;

"● Defendant has exhibited remorse for the pled offenses and has accepted full responsibility for his crimes;

"● Defendant was 19 at the time of the offense;

"● Defendant exhibits strong work ethic;

"● Defendant is committed to repay these individuals for these losses;

"● Defendant is amenable to rehabilitation, defendant's family is supportive and willing to help him succeed in rehabilitation."

Bonner appealed his sentence in all three cases, and they are consolidated on appeal.

DISCUSSION

It appears that Bonner appeals the district court's refusal to grant him a downward durational departure in 22CR598 and 22CR1387 or a more significant downward durational departure or a dispositional departure in 22CR587. Defendants may appeal their sentence even if they received a portion of a requested downward durational departure. K.S.A. 21-6820(a); see *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018) (appellate courts have jurisdiction to review departure sentences even if the appeal is taken by the party receiving a portion of a requested departure sentence). However, this court "lack[s] jurisdiction to hear an appeal from the district court's denial of a departure motion from a presumptive sentence" under the revised Kansas Sentencing Guidelines Act (KSGA). *State v. Farmer*, 312 Kan. 761, Syl. ¶ 1, 480 P.3d 155 (2021); see K.S.A. 21-6820(c)(1).

5

K.S.A. 21-6815(a) requires a sentencing court to impose the presumptive sentence set forth in the KSGA unless the court finds substantial and compelling reasons to impose a departure sentence. *State v. Morley*, 312 Kan. 702, 706, 479 P.3d 928 (2021). The district court sentenced Bonner within the presumptive sentencing guidelines in cases 22CR598 and 22CR1387 but granted a downward durational departure in 22CR587. Therefore, this court lacks jurisdiction to entertain a challenge to the district court's refusal to grant a downward durational departure in 22CR598 or 22CR1387. See K.S.A. 21-6820(c)(1). However, this court does have jurisdiction to consider whether the district court abused its discretion in refusing to grant Bonner a dispositional departure or a more generous downward durational departure in 22CR587.

"Appellate courts review a district court's decision to deny a departure sentence for abuse of discretion." *State v. Fowler*, 315 Kan. 335, Syl. ¶ 1, 508 P.3d 347 (2022). A court abuses its discretion when its decision is (1) so arbitrary or fanciful that no reasonable person would agree with the decision; (2) based on an error of law; or (3) based on an error of fact such that substantial competent evidence does not support the factual findings. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017). Bonner, as the party asserting that the district court abused its discretion, bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

A district court may depart from a presumptive sentence when it finds substantial and compelling reasons to do so. A substantial and compelling reason to depart from a presumptive sentence "is real, not imagined, and of substance, not ephemeral" and "forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." *Morley*, 312 Kan. 702, Syl. ¶¶ 3-4. The applicable statute provides a nonexclusive list of mitigating factors upon which a court may rely in determining whether substantial and compelling reasons exist justifying a departure from the presumptive sentence. K.S.A. 21-6815(c)(1); see *Morley*, 312 Kan. at 706. A

6

mitigating factor is "a substantial and compelling reason justifying an exceptional sentence whereby the sentencing court may impose a departure sentence outside of the standard sentencing range for a crime," and it "may result in a dispositional or durational departure." K.S.A. 21-6803(n); *State v. Montgomery*, 314 Kan. 33, 35-36, 494 P.3d 147 (2021). In any event, the existence of mitigating factors—even *many* mitigating factors—does not compel a sentencing court to depart from a presumptive sentence. *Fowler*, 315 Kan. 335, Syl. ¶ 2, 339-40 (collecting cases).

If the sentencing court departs from the presumptive sentence, it is required to "state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-6815(a); *State v. Hambright*, 310 Kan. 408, 408-09, 415-16, 447 P.3d 972 (2019) (failure of sentencing court to state on the record the substantial and compelling reasons for the departure results in an illegal sentence). Generally, this court's review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d); *Montgomery*, 314 Kan. at 36. "When reviewing a departure sentence, '[a]s long as one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld.'" 314 Kan. at 37 (quoting *State v. Blackmon*, 285 Kan. 719, 725, 176 P.3d 160 [2008]).

In his motion for summary disposition, Bonner merely concludes that "[t]he district court abused its discretion by refusing to depart to probation for Mr. Bonner and further abused its discretion by not granting a more generous departure sentence." Bonner fails to argue how the district court abused its discretion. He does not identify any legal or factual error upon which the district court relied in reaching its decision and he does not claim that no reasonable person would take the view adopted by the district court. Nor could he.

7

As the district court emphasized at the sentencing hearing, Bonner likely would have been granted a dispositional departure to probation in 22CR587 and 22CR598 had he not committed new crimes in 22CR1387 while on felony bond. The district court pointed to Bonner's work ethic, relative youth, acceptance of responsibility, lack of criminal history, respectful behavior, and family support as reasons supporting mitigation. The State initially agreed to recommend downward departure. But it was Bonner's own choices and behavior for that short period between entering the plea agreement and sentencing that squandered the benefit of the State's favor in that first plea agreement. Moreover, Bonner's assertion that mitigating factors supported a more generous downward departure does not render the district court's decision unreasonable. See *Fowler*, 315 Kan. 335, Syl. ¶ 2, 339-40. Bonner has fallen short of carrying his burden to establish that the district court abused its discretion.

CONCLUSION

Bonner failed to show that the district court abused its discretion in declining to grant Bonner a dispositional departure or a more generous downward durational departure. Bonner's sentence is therefore affirmed.

Affirmed.