NOT DESIGNATED FOR PUBLICATION

No. 127,614

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LEROY JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; ERICA K. SCHOENIG, judge. Opinion filed January 24, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Robert Leroy Johnson appeals his sentence after receiving a downward durational departure, arguing the district court erred in denying him a more generous departure. Finding no abuse of discretion, we uphold Johnson's sentence.

FACTS

Johnson pled no contest to one count of reckless aggravated battery. Johnson's victim was the mother of his son, who was pregnant with their second child, and the incident occurred in front of their 8-year-old child. Based on his criminal history score of A, Johnson faced a presumptive sentencing range of 122 to 136 months' imprisonment. The State agreed to dismiss some other charges and recommend a downward durational

1

departure to the range of 53 to 83 months' imprisonment. The district court granted the departure and imposed a prison sentence of 83 months, noting Johnson's acceptance of responsibility and the age of his prior convictions as reasons for the reduced sentence. Johnson timely appealed. We granted his unopposed motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48).

ANALYSIS

A defendant may appeal a departure sentence even when they received part of a requested departure. K.S.A. 21-6820(a); *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (departure sentence subject to appeal). An appellate court reviews a district court's decision granting a departure sentence for abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). Judicial discretion is abused where judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. The party asserting the district court abused its discretion bears the burden of showing it. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

K.S.A. 21-6815(a) requires a sentencing court to impose the presumptive sentence unless it finds substantial and compelling reasons to grant a departure. See *Morley*, 312 Kan. at 706. A substantial and compelling reason to depart from a presumptive sentence is a reason that "is real, not imagined, and of substance, not ephemeral" and which "forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. 702, Syl. ¶¶ 3-4. K.S.A. 21-6815(c)(1) provides a nonexclusive list of mitigating factors on which a court may rely in determining whether substantial and compelling reasons for a departure exist. 312 Kan. at 706. But the Kansas Supreme Court has repeatedly held that the presence of mitigating factors does not compel a sentencing court to depart from a presumptive sentence. *State v. Fowler*, 315 Kan. 335, 339-40, 508 P.3d 347 (2022) (collecting cases).

In his motion for summary disposition, Johnson asserts that the district court should have granted him a departure to 53 months in prison, rather than 83 months, and that its decision not to do so was unreasonable. Johnson points out that "he could do well when taking his medications" and that he "went 15 years without committing any new crimes." But the mere fact that there were mitigating factors that could have supported a more generous departure does not render the district court's decision unreasonable. See *Fowler*, 315 Kan. at 339-40. This case involved an episode of domestic violence against a pregnant woman that occurred in front of a child. We are confident that the district court's assessment of the circumstances and its imposition of punishment given those circumstances was reasonable. As such, Johnson fails to show that the district court abused its discretion in not granting a more generous departure sentence.

Affirmed.