NOT DESIGNATED FOR PUBLICATION

No. 127,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SAMUEL NIXON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed June 27, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Samuel Nixon appeals his sentence from Sedgwick County District Court after he pleaded guilty to one count of rape and one count of aggravated indecent liberties with a child. We granted Nixon's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) after the State declined to object to that procedure. Finding no error, we affirm.

*Factual and Procedural Background*

In 2024, Nixon pleaded guilty to one count of rape, under K.S.A. 21-5503(a)(3), and one count of aggravated indecent liberties with a child, under K.S.A. 21-5506(b)(3)(B), for his conduct with a three-year-old girl. Both offenses are off-grid

1

person felonies. See K.S.A. 21-5503(b)(2); K.S.A. 21-5506(c)(3). Nixon had previously been convicted of the federal crime of sexual exploitation of a child and sentenced federally, based on the same events.

At the state sentencing, Nixon asked the district court to impose his sentences in this case concurrently with his federal sentence and moved for a durational departure from the applicable hard 25 life sentence to a grid-based sentence. See K.S.A. 21-6627.

His departure motion asserted that these considerations should reduce his sentence to a grid-based sentence: he accepted responsibility for his crimes; he was remorseful; he had no prior criminal history; he had already received a 25-year federal sentence for a conviction arising from this "same set of events"; and he was "functioning similarly to" a 5-year-old due to his diagnoses of Autism Spectrum Disorder and Attention Deficit/Hyperactivity Disorder.

The district court denied the motion for a departure to the sentencing grid, finding the mitigating factors were not substantial and compelling reasons to depart. The district court also denied Nixon's request to run his sentence concurrent to his sentence in his federal case. Instead, the district court sentenced Nixon to two concurrent life terms without the possibility of parole for 25 years and ordered the sentences to be served consecutively to Nixon's sentence in his federal case. Nixon timely appeals his sentence.

*Did the district court err in sentencing Nixon?*

We will first review jurisdiction, which we do de novo. See *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). In his summary disposition motion, Nixon tacitly questions this court's jurisdiction by citing K.S.A. 21-6820(c)(1), which provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime. See *State v. Huerta*, 291 Kan. 831, 833, 835-37, 247 P.3d 1043 (2011)

2

(reaffirming that K.S.A. 21-4721[c][1], now codified as K.S.A. 21-6820[c][1], eliminates appeals of presumptive sentences). But this jurisdictional statute does not apply here because an off-grid sentence, by definition, is not a "presumptive sentence" under the Revised Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 21-6803(q) (defining "'presumptive sentence'" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history"). As held in *State v. Ross*, 295 Kan. 1126, Syl. ¶ 12, 289 P.3d 76 (2012), "[a] life sentence for an off-grid crime is not a 'presumptive sentence' as contemplated in K.S.A. 21-4703(q)," which is now codified as K.S.A. 21-6803(q), "because imposition of the life sentence was not arrived at by applying the applicable grid block of the sentencing guidelines." Because Nixon's Jessica's Law sentences do not fall under the KSGA's definition of a "presumptive sentence," we have jurisdiction over his appeal.

We thus reach Nixon's two substantive arguments—that the district court abused its discretion by: (1) denying Nixon's motion for a durational departure to a grid sentence, and (2) ordering his sentences to run consecutive to his federal sentence. See *State v. Fowler*, 315 Kan. 335, Syl. ¶ 1, 508 P.3d 347 (2022) ("Appellate courts review a district court's decision to deny a departure sentence for abuse of discretion."); *State v. Goens*, 317 Kan. 616, 619, 535 P.3d 1116 (2023) ("In most cases, '"it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence."'").

A court abuses its discretion when its decision is (1) so arbitrary or fanciful that no reasonable person would agree with the decision; (2) based on an error of law; or (3) based on an error of fact such that substantial competent evidence does not support the factual findings. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017). Nixon, as the party asserting that the district court abused its discretion, bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

3

*Durational Departure*

We first review Nixon's argument that the district court abused its discretion by denying his motion for a durational departure to a grid sentence. Nixon was sentenced pursuant to a special sentencing rule referred to as "Jessica's Law." Jessica's Law controls sentencing for defendants who are 18 years old or older and are convicted of certain crimes. K.S.A. 21-6627(a)(1). These statutorily enumerated crimes include, but are not limited to, rape and aggravated indecent liberties with a child, both of which Nixon was convicted. K.S.A. 21-6627(a)(1)(B), (C).

Generally, Jessica's Law provides for a life sentence with a mandatory minimum 25-year term of imprisonment. K.S.A. 21-6627(a)(1). This fulfills the legislative intent underlying Jessica's Law, which is "to protect children by removing perpetrators of sexual crimes against children from society." *State v. Woodard*, 294 Kan. 717, 722, 280 P.3d 203 (2012). Yet under certain circumstances, the statute expressly allows a court to depart from the mandatory minimum sentence. K.S.A. 21-6627(d). Under K.S.A. 21-6627(d)(1), if it is the offender's first Jessica's Law conviction, the district court may depart from the 25-year mandatory minimum and impose a sentence under the KSGA grid if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

When deciding a motion to depart in a Jessica's Law case, the district court must first review the mitigating circumstances without any attempt to weigh them against aggravating circumstances. Then the district court determines, based on all the facts of the case, whether the mitigating circumstances rise to the level of "'substantial and compelling reasons'" to depart from the mandatory minimum sentence. 308 Kan. at 913-14 (quoting *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]).

4

Mitigating circumstances under K.S.A. 21-6627(d)(2)(A)-(F) include, but are not limited to, no significant history of previous criminal activity, extreme mental or emotional disturbance of the defendant during the crime, the victim being an accomplice, the defendant having acted under significant distress or domination by another person, impaired capacity to understand the criminality of the action, and the defendant's age when the offense occurred.

But Jessica's Law does not require a district court to provide reasons for denying a motion for departure. It merely requires the court to articulate on the record the substantial and compelling reasons for any granted departure. See *State v. Harsh*, 293 Kan. 585, 587, 265 P.3d 1161 (2011) ("'Specificity by the district court judge when making his or her determination is not statutorily required' unless the court decides a departure is warranted."); *State v. Mendoza*, 292 Kan. 933, 936, 258 P.3d 383 (2011) (upholding the denial of departure when the district court did not explicitly consider mitigating factors on the record, as it was challenging to conclude that no reasonable person could adopt the court's perspective).

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in finding no substantial and compelling reason to depart. *Powell*, 308 Kan. at 902-03. Here, the district court listened to arguments by Nixon's attorney and the State, considered Nixon's allocution, and reviewed Nixon's written motion. After doing so, it concluded that Nixon failed to present substantial and compelling mitigating circumstances. In denying the motion to depart, the district court stated when "[c]onsidering only the mitigating factors," those cited did "not amount to substantial and compelling reasons to depart."

The district court judge explained its reasoning:

5

"In denying the defense's motion for departure as well as the request that the case run concurrently, I do acknowledge Mr. Nixon's cooperation. However, the benefit of that, I believe, is encompassed within me running the cases concurrent as the State has offered to do in the plea agreement and which I am following. I do not believe that a further reduction in sentence or any other modification designed to lessen the time is appropriate. I believe the sentence that the Court is handing out is fair."

This evaluation was sufficient because additional specificity is not required when a district court is denying such a motion. See *Harsh*, 293 Kan. at 587.

Considering the circumstances of the case, Nixon fails to meet his burden of proving that the district court's decision to deny the departure was unreasonable or was based on an error of fact or law. The district court acted within its discretion by denying Nixon's motion for a durational departure to a grid-based sentence.

*Concurrent Versus Consecutive Sentences*

We thus turn to Nixon's second argument—that the district court abused its discretion by ordering his sentences to run consecutive to his federal sentence. Nixon contends that concurrent sentences are warranted because he expressed sincere remorse for his actions, the same actions gave rise to crimes in federal and state court, and he took responsibility for his acts by entering a plea.

The district court considered these circumstances when imposing Nixon's sentence, but it found that any further reduction or modification of the sentence was not appropriate and followed the plea agreement. And in Nixon's plea agreement, Nixon agreed that the State would recommend that his two state sentences run concurrently and that those concurrent state sentences would be imposed consecutively to his federal sentence.

As noted above, "'Generally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.'" *Ross*, 295 Kan. at 1138 (quoting *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 [2000]). Based on the facts, a reasonable person could conclude that consecutive sentences for Nixon's federal and state cases were appropriate. Nixon thus fails to carry his burden of proving that the district court's decision on the sequencing of his federal and state sentences was unreasonable or an error of fact or law. Accordingly, we cannot say that the district court abused its discretion by imposing his state sentences consecutive to his federal sentence.

Affirmed.