NOT DESIGNATED FOR PUBLICATION

No. 126,567

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY EUGENE CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

*Gerald E. Wells,* of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Carolyn A. Smith,* assistant district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., WARNER and HURST, JJ.

PER CURIAM: Anthony Eugene Clark appeals his sentence for possession of methamphetamine and claims the district court abused its discretion when it failed to grant him a more substantial durational departure. Clark, while on probation in a different case, committed the offenses in this case and pled guilty pursuant to a plea agreement. At sentencing, he requested a durational departure to a significantly reduced prison term, which the court only partially granted. Clark claims the court erred in not granting the entire durational departure he requested. Finding no error in the district court's decision, Clark's sentence is affirmed.

1

Clark was charged with possession of methamphetamine, criminal trespass, and possession of drug paraphernalia in case No. 22-CR-476 on March 15, 2022. He began plea negotiations with the State and entered into an agreement on April 19, 2022. At the plea hearing Clark's counsel initially stated that he would enter a plea of not guilty, but after an off-the-record discussion with Clark, the counsel returned and said Clark wished to admit to the charges. Before Clark entered his guilty plea, his counsel stated: "I was just discussing with Mr. Clark the fact that Special Rule[s] may apply and he is a presumptive 'A' box, criminal history-wise. . . . I just want to make sure that before he did anything he was well aware that Special Rules would apply, or very likely could apply." The court granted a short recess to allow Clark to speak with his attorney before completing the plea.

After the recess, the parties agreed Clark would plead guilty to Count 1, the remaining counts would be dismissed, and there would be "open sentencing." The court explained the plea to Clark, including that "the Court may impose a minimum prison term of 10 months up to a maximum term of 42 months." Clark acknowledged understanding the terms and his possible sentence. The court accepted Clark's plea and scheduled the case for a sentencing hearing on May 26, 2022. Clark's counsel then told the court that Clark had another case (19-CR-2458) set for a hearing on the same day in another division, that his present offense was committed while on probation in the other case, and that the sentence would run consecutive to the sentence imposed in the other case.

Consistent with Clark's attorney's explanation, the presentence investigation (PSI) stated that Clark had a criminal history score of "A." The PSI also specified that Special Rule 9—crime committed while on probation for a felony (new sentence imposed consecutively)—and Special Rule 26—third and subsequent felony drug possession (presumed prison)—both applied to Clark's sentence in this case.

Before sentencing, Clark filed a motion for a durational departure in which he lauded his cooperation and assumption of responsibility for his crime and requested a lesser prison term:

"Based upon the facts and circumstances of the case, including Mr. Clark's cooperation with law enforcement at the time of his arrest on March 9, 2022 and his wanting to take responsibility for his actions and choosing to plea at the time of arraignment on April 19, 2022, application of the presumptive sentence should be waived by the Court and disposed of as a conviction of a lower criminal history, 'G', with a standard sentence of 15 months."

Clark asserted that because he also faced incarceration for 42 months in 19-CR-2458 before his sentence in this case began, a departure to a "G" criminal history score would make his consecutive sentence about 57 months in total. Clark argued the departure sentence he requested would provide time for him to seek drug treatment while meeting the public policy goals of protecting the public and reserving prison cells for serious and violent offenders.

Though his motion conceded his criminal history score of "A" and his three prior person felonies, Clark argued his "recent history [was] largely non-violent drug felony convictions." He explained that one of his person felony convictions was a nondecaying juvenile conviction; another came from the conversion of three person misdemeanors into one person felony; and his only person felony conviction committed while he was an adult occurred decades earlier in 1994.

At the sentencing hearing on May 26, 2022, the district court determined Clark's criminal history score was an "A" without objection. Clark argued again for a durational departure to a 15-month prison term, explaining the substantial and compelling reasons for departure identified in his motion: his cooperation with law enforcement, willingness to take responsibility, the age and unique circumstances of his prior person felonies, and

3

the likelihood of being sentenced to 42 months imprisonment in the separate case that would run consecutive to this one. The State argued the PSI demonstrated an extensive, decades-long criminal history and that sentencing Clark based on his "A" criminal history score was appropriate.

After hearing the parties' arguments, the district court found substantial and compelling reasons for departure because of Clark's acceptance of responsibility and that his first person felony was an aged juvenile conviction. It then partially granted Clark's motion and sentenced him to a standard term of 34 months—as if he had a criminal history score of "B." The district court ran the new sentence consecutive to the sentence in 19-CR-2458 based on Special Rule 9—K.S.A. 21-6606(c)—because Clark committed the new offense while on probation in that case. In the journal entry for the hearing that was filed on May 26, 2022, the court specified that Special Rule 26—K.S.A. 21-6805(f)(1)—for a third or subsequent felony drug possession also applied.

On June 11, 2022, Clark filed a notice of appeal to this court. The case was docketed, and the court issued a show cause order questioning appellate jurisdiction based on the untimeliness of the appeal. In an order filed on September 1, 2023, this court remanded the case to the district court for a determination of whether *Ortiz* exceptions applied to the requirement for filing the timely notice. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The district court found the third *Ortiz* exception applied based on Clark's counsel's failure to file the timely notice of the appeal, and it concluded Clark should be able to appeal the sentencing orders out of time. Clark filed a new notice of appeal to this court.

DISCUSSION

Although the district court granted Clark a durational departure and sentenced him to less jail time than the presumptive sentence, Clark argues the district court erred by not

4

granting him greater leniency. Clark got what he wanted—just not as much as he wanted. While some might question the propriety of appealing a sentence where the court granted leniency, the right to such an appeal is well established. K.S.A. 21-6820(a) (departure sentences are subject to appeal); see *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018) (appellate courts have jurisdiction to review departure sentences even if the appeal is taken by a party receiving a durational departure).

This court reviews a district court's decision to grant a departure sentence for an abuse of discretion. See *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). Judicial discretion is abused when the court action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. As the party alleging the abuse of discretion, Clark bears the burden to establish such abuse occurred. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

First, Clark argues the district court acted unreasonably because the special sentencing rule requiring the sentence in this case to run consecutive to his 42-month sentence in 19-CR-2458 resulted in an unreasonable sentence for a nonviolent conviction in light of his addiction. Clark acknowledges that Special Rule 9 requires the court to run his present sentence consecutive to the sentence in his prior case but argues on appeal that an exception in K.S.A. 21-6819(a) permits the court to forgo consecutive sentencing when it would be manifestly unjust. Yet he failed to make this argument to the sentencing court, which means it did not have the opportunity to address this as a mitigating factor at sentencing. Additionally, Clark fails on appeal to explain why this court should nonetheless address the argument despite it not being first brought to the district court. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022) (Generally, issues not raised before the district court may not be raised on appeal.). Moreover, at the time of sentencing in this case, Clark's probation had not been revoked in his prior case, and thus the court's consideration of that potential revocation would have been merely speculative. This argument is unpersuasive.

5

Second, Clark argues he presented substantial and compelling reasons for a more substantial departure than the court granted and that the sentencing court abused its discretion by not departing to the degree requested. Under the revised Kansas Sentencing Guidelines Act (KSGA), a sentencing court must impose the presumptive sentence provided by the sentencing guidelines unless it finds substantial and compelling reasons to impose a departure sentence. K.S.A. 21-6815(a). A substantial and compelling reason to depart from a presumptive sentence is a reason that "is real, not imagined, and of substance, not ephemeral" and which "forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." *Morley*, 312 Kan. 702, Syl. ¶¶ 3-4. The KSGA contains a "nonexclusive list of mitigating factors" which courts may consider in determining whether substantial and compelling reasons exist for a departure sentence. K.S.A. 21-6815(c)(1); 312 Kan. at 706.

A sentencing court may consider mitigating factors outside the statute if they are consistent with the principles underlying the KSGA, which is what occurred here. See *State v. Montgomery*, 314 Kan. 33, 38, 494 P.3d 147 (2021) (quoting *State v. Bird*, 298 Kan. 393, 398-99, 312 P.3d 1265 [2013]); see also K.S.A. 21-6815(c)(1) (providing a "nonexclusive" list of mitigating factors). Additionally, a sentencing court may not include a nonstatutory mitigating factor in its consideration if the Legislature, through the sentencing grid, has already taken the factor into account. 314 Kan. at 44-45. The district court identified just two mitigating factors—Clark's acceptance of responsibility and the age of one of his prior person felony convictions—as substantial and compelling reasons supporting its departure sentence. See *State v. Hines*, 296 Kan. 608, Syl. ¶ 1, 294 P.3d 270 (2013) ("If a sentencing court imposes a departure sentence, the findings it makes at the time of sentencing govern as to the reasons why it imposed the sentence.").

The district court did not err as a matter of law when it found that Clark's acceptance of responsibility and the passage of time since his juvenile person felony constituted substantial and compelling reasons to depart from the presumptive sentence.

6

In *Montgomery*, the court explained that the passage of time between offenses is "a clear example of a factor that has been described as part of a defendant's 'criminal history,' but it is not a consideration within the Guidelines." 314 Kan. at 45. Acceptance of responsibility, evidence the defendant is not a threat to society, a victim's request for leniency, family support, and time elapsed since a prior felony conviction have been identified as nonstatutory mitigating factors a sentencing judge may consider when determining whether to venture beyond the presumptive sentence. See *Morley*, 312 Kan. at 712; *Bird*, 298 Kan. at 398-401; *Hines*, 296 Kan. at 617-19; *State v. Spencer*, 291 Kan. 796, 814, 818, 248 P.3d 256 (2011); *State v. Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 5, 901 P.2d 1 (1995). Additionally, the district court did not err in determining that these reasons existed as a matter of fact. There was sufficient evidence to support the court's determination that Clark accepted responsibility through his plea agreement and that significant time passed since his person felony conviction from 1994. See *Morley*, 312 Kan. at 712 ("A person does not always have to admit full wrongdoing or concede every material fact the State alleges to be credited with taking responsibility.").

Having found no error of law or fact, this court may only reverse the district court's durational departure as an abuse of discretion if it finds the decision unreasonable. See *Morley,* 312 Kan. at 711. The issue presented is whether the district court abused its discretion by not granting Clark the more substantial durational departure he requested. The district court's departure but must merely be "proportionate to the severity of the crime of conviction and the offender's criminal history," while considering the principles of the KSGA. K.S.A. 21-6818(a)-(b)(1). After finding substantial and compelling reasons to depart from the presumptive sentence, the district court has broad discretion to determine the extent of that durational departure. See *Morley*, 312 Kan. at 711. Just because Clark's circumstances could support a more generous departure does not render the district court's decision unreasonable. See *State v. Fowler*, 315 Kan. 335, 339-40, 508 P.3d 347 (2022).

7

Clark's original criminal history score resulted in a 42-month presumptive prison term based on his "A" criminal history score, yet Clark requested a departure to 15 months, which was consistent with a sentence for someone with a "G" criminal history score. The 34-month prison sentence imposed was consistent with the presumptive sentence for an offender with a "B" criminal history score—typically reserved for offenders with two person felonies. This departure is consistent with the court's finding that one of Clark's prior person felonies was so aged that it constituted a substantial and compelling reason to grant a departure sentence. Under these circumstances, where Clark accepted responsibility through a plea agreement but also had a substantial criminal history—including being on probation at the time of the offense—the sentencing court's departure decision was eminently reasonable.

In an apparent final attempt at relief, Clark suggests that the district court imposed an illegal sentence because it failed to provide sufficient findings of fact and conclusions of law to support its durational departure as required by K.S.A. 21-6817(a)(2). Clark provides no legal or factual support for this conclusion, and this court cannot venture a guess as to what Clark believes is missing from the court's order and how that makes his sentence illegal. Clark's utter failure to expand beyond this mere conclusion leaves an inadequately briefed argument unfit for this court's review. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (issues not briefed, issues not adequately briefed, or issues raised incidentally but not argued are deemed waived or abandoned on appeal).

CONCLUSION

Though the district court granted Clark a durational departure based on the age of his person felony convictions and his acceptance of responsibility, Clark contends that the court's leniency was inadequate. The record shows the district court considered Clark's motion for durational departure, found two substantial and compelling reasons to depart from the presumptive sentence, and granted a reasonable departure based on those

8

reasons. Clark failed to demonstrate that the district court abused its discretion in its judgment. Finding no error, the district court is affirmed.

Affirmed.