NOT DESIGNATED FOR PUBLICATION

No. 128,334

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY W. HETZEL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.


PER CURIAM: Timothy W. Hetzel was charged with one count of possession with the intent to distribute fentanyl and one count of using a communication device for drug sales. At sentencing, he requested a dispositional and durational departure. The State opposed the motion. The district court found substantial and compelling reasons to grant the durational departure but denied the dispositional departure. Hetzel now appeals.

On appeal, Hetzel raises one issue. Did the district court abuse its discretion by denying a dispositional departure?

1

We find that the district court did not abuse its discretion. The district court properly considered Hetzel's arguments that a community-based program was appropriate, that he had accepted responsibility, that he desired treatment, and that he was needed to help raise his daughter. The district court also properly considered the State's argument that Hetzel had profited from his crime and was a risk to the public. A reasonable person could agree with the district court's decision that there were substantial and compelling reasons to grant a durational departure, but not a dispositional departure. Because Hetzel has failed to prove the district court abused its discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2024, Timothy W. Hetzel pled guilty to one count of possession of a controlled substance with intent to distribute, a severity level 3 drug felony, and one count of using a communication facility for drug sales or purchase, a severity level 8 nonperson felony. Based on his criminal history score of G, Hetzel faced a presumptive sentencing range of 51 to 57 months for count one, and 7 to 9 months for count two. His sentence also fell within a presumptive prison category under the Kansas Sentencing Guidelines. As part of the plea agreement, the State agreed to recommend that the two sentences run concurrent. The plea agreement also acknowledged that Hetzel was "free to argue for any alternative disposition which the State is free to oppose."

Prior to sentencing, Hetzel filed a motion for a dispositional and/or durational departure, arguing primarily that (1) a community-based program would better serve his reformation as well as protect the interests of society; (2) he accepted responsibility for his conduct; (3) he had a desire for treatment and rehabilitation; and (4) he had ongoing family support. Hetzel asserted that these circumstances warranted an opportunity at probation.

2

At sentencing, Hetzel provided the court with documents related to the opportunity he would have to complete inpatient substance abuse treatment if given probation. Hetzel's attorney also reiterated the arguments from his motion for departure and pointed out that while Hetzel had 29 prior convictions, only one of those convictions was a felony. Hetzel added during allocution that he had an interest in being in his daughter's life following the death of his daughter's mother and was eager to deal with his addiction and take responsibility. The State opposed the motion for departure, noting that Hetzel had profited from his addiction and that he posed a risk to the public. The State also pointed out that fentanyl is a unique and destructive drug that presents a high risk to the community. The State asked the court to impose the presumptive prison sentence.

The district court noted Hetzel's acceptance of responsibility as a substantial and compelling reason to grant a durational departure, but also found "public safety, the needs of the defendant, and the seriousness of the crime committed by the defendant" were reasons to deny a dispositional departure to probation. The district court then sentenced Hetzel to a reduced 30-month prison sentence on count one, a 7-month prison sentence for count two, and ordered the two counts to run concurrently for a controlling sentence of 30 months. The sentencing journal entry of judgment cited "[Hetzel's] timely acceptance of responsibility" as the basis for the durational departure.

Hetzel timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY DENYING A DISPOSITIONAL DEPARTURE?

*Standard of Review*

Appellate courts review decisions on departure requests for an abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

*The district court did not abuse its discretion.*

On appeal, Hetzel argues that the district court abused its discretion at sentencing because it should have granted him a dispositional departure in addition to his durational departure.

A defendant may appeal a departure sentence if they receive a portion of a requested departure. K.S.A. 21-6820(a); *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018) (finding appellate courts have jurisdiction to review partially granted departure sentences). Here, Hetzel requested a dispositional and durational departure but only received a durational departure.

K.S.A. 21-6815(a) requires that a sentencing court impose the presumptive sentence unless the court finds "substantial and compelling" reasons to impose a departure sentence. A substantial and compelling reason to depart from a presumptive

4

sentence is a reason that is real, rather than imagined "and of substance, not ephemeral" and "'forces a court, by the facts of the case, to abandon the status quo and to venture beyond the presumptive sentence.'" *Morley*, 312 Kan. at 706.

Hetzel does not assert that the district court's decision to deny his request for a dispositional departure was based on an error of fact or law; rather, Hetzel asserts that the district court's decision was unreasonable. Hetzel argues that he presented a compelling case for a probationary sentence because he had "accepted responsibility" and "sought treatment to address his addiction." He also noted the support of his family and his needed presence in his daughter's life.

The district court was not required to state the reasons for its denial of Hetzel's motion for dispositional departure but did so. See *State v. Florentin*, 297 Kan. 594, 601-02, 303 P.3d 263 (2013), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). The district court found that "public safety, the needs of the defendant, and the seriousness of the crime committed by the defendant" were reasons to deny a dispositional departure to probation.

The district court also noted that Hetzel's acceptance of responsibility was a substantial and compelling reason for granting him a downward durational departure. But Hetzel maintains that it was unreasonable for the court to decline to depart further to probation. The mere fact that the circumstances could have supported a more generous departure does not render the district court's decision unreasonable. The Kansas Supreme Court has repeatedly found "that the presence of mitigating factors does not require a sentencing judge to impose a lesser sentence." *State v. Fowler*, 315 Kan. 335, 339, 508 P.3d 347 (2022).

The district court agreed with Hetzel's argument that his acceptance of responsibility was a substantial and compelling reason for a durational departure. But

reasons that justify a durational departure do not always support a dispositional departure. *Ibarra*, 307 Kan. at 434 (affirming district court's denial of dispositional departure where court had also granted durational departure). Hetzel's crimes involved possession of fentanyl with the intent to distribute and the use of a communication facility for the purchase or sale of drugs. The presumptive sentences for these crimes were imprisonment. The district court's reliance on the severity of the crimes, needs of the defendant, and the risk to the public in denying a dispositional departure was reasonable.

Under the circumstances of this case, a reasonable person could agree with the district court's decision that there were substantial and compelling reasons to grant a durational departure, but not a dispositional departure. While Hetzel presented substantial and compelling reasons to support a durational departure, those same reasons did not warrant a dispositional departure.

Affirmed.