NOT DESIGNATED FOR PUBLICATION

Nos. 129,419
129,420
129,421

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY LEE SPRAGG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE YOUNG, judge. Submitted without oral argument. Opinion filed May 29, 2026. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Y. Theresa SparrowSmith*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

CLINE, J.: This is a sentencing appeal in which Wesley Lee Spragg challenges the district court's denial of his request for a dispositional departure, claiming the court abused its discretion. We see no error. The district court considered the factors Spragg offered and decided to grant him a durational departure rather than a dispositional departure. We do not find the district court's decision was unreasonable and therefore affirm.

1

Spragg was charged with several felony and misdemeanor crimes in three consolidated cases. As part of a plea agreement, he pleaded guilty to three felonies in exchange for the State's dismissal of the other charges and recommendation of a durational departure to his controlling sentence. Before sentencing, Spragg moved for a dispositional or durational departure in each case, requesting the district court to impose 12 months of probation in each case or impose the agreed upon 48-month controlling prison sentence.

In his departure motion, Spragg argued the following as substantial and compelling reasons that justified departing from the standard disposition of presumptive imprisonment: (1) he accepted responsibility and spared the taxpayers the cost of trial, (2) he engaged with rehabilitation programs, (3) he overcame adverse childhood experiences, including witnessing his father sexually abuse his sibling, and (4) the plea agreement's terms. At his sentencing hearing, Spragg repeated these arguments in support of his request for a dispositional departure but argued that, in the alternative, the district court should grant the durational departure as contemplated by the parties. The State maintained durational departure was appropriate, but dispositional departure was not because the plea agreement already covered the equitable considerations by dismissing other charges. It said:

> "[T]he State did agree to join in this durational departure to 48 months. I will say that, in doing so, we considered the equitable considerations that are noted in the motion for dispositional departure.
> "There was an additional Level 5 Drug Felony charge dismissed as a part of the plea, eight different misdemeanor counts dismissed as part of the plea, and the State agreed to a durational departure to half the remaining—half the presumptive sentences of the remaining counts.

"So, as such, the plea, in and of itself, without the dispositional departure, is reflective of our understanding of the equitable considerations at hand. And I believe granting the dispositional departure for the same reasons would be counting it twice, and that wouldn't make sense."

In the end, the district court found substantial and compelling reasons to grant the durational departure but not dispositional departure. The district court found Spragg's criminal score to be A for each case and sentenced him to 20 months for his first case, 8 months for his second case, and 20 months for his third case and ran these sentences together for a total prison sentence of 48 months, as the parties agreed.

REVIEW OF SPRAGG'S APPELLATE CHALLENGE

On appeal, Spragg contends the district court abused its discretion when it denied his motion for a dispositional departure. He argues that he provided substantial and compelling reasons to support a dispositional departure and the court erred by not explaining why it believed those reasons supported a durational but not a dispositional departure.

*Standard of Review and Relevant Legal Framework*

K.S.A. 21-6815(a) requires that a sentencing court impose the presumptive sentence unless the court finds "substantial and compelling" reasons to impose a departure sentence. A compelling reason is one that "forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008).

All departure sentences are subject to appeal under K.S.A. 21-6820(a) unless appellate jurisdiction is divested by a more specific provision. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014) (discussing K.S.A. 21-6820's predecessor statute). This

3

includes jurisdiction to review the partial denial of a departure motion, or, in other words, a complaint that the district court "'did not depart enough.'" 299 Kan. at 907.

A district court's decision to deny a departure request will be reversed only if an appellate court determines that the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigating factors and/or aggravating factors constituted an abuse of discretion. *State v. Ibarra*, 307 Kan. 431, Syl. ¶ 2, 411 P.3d 318 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021); see *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015).

*The district court did not abuse its discretion by denying Spragg's request for dispositional departure.*

Spragg does not assert that the district court's decision to deny his request for a dispositional departure was unsupported by substantial competent evidence or based on an error of law or fact; instead, he argues that the district court's decision was unreasonable. He contends the reasons the district court relied on to grant a durational departure—that Spragg accepted responsibility by entering a plea, took steps to succeed in rehabilitation, and had overcome significant childhood difficulties—also supported a dispositional departure. Because the court found these reasons justified a durational departure but failed to explain why they would not support a dispositional departure, he claims this means that the only reason it did not grant dispositional departure was because the State did not agree—which he contends was unreasonable.

But, as the State points out, just because the district court found there were substantial and compelling reasons to durationally depart did not require it to grant the most generous departure available—dispositional departure. Put another way, the mere

4

fact that the circumstances could have supported a more generous departure does not render the district court's decision unreasonable. The Kansas Supreme Court has found "that the presence of mitigating factors does not require a sentencing judge to impose a lesser sentence." *State v. Fowler*, 315 Kan. 335, 339, 508 P.3d 347 (2022). Additionally, Spragg committed some of his offenses while on felony parole or bond, which signals that he is unlikely to be suitable for probation.

The State persuasively highlights how Spragg's criminal history score was A for each case, placing him in a presumptive prison box under the Revised Kansas Sentencing Guidelines Act. And before the durational departure, Spragg was facing up to 101 months in prison for the three felonies he pleaded guilty to. So the district court granted him a significant concession from his presumptive sentences based on the reasons Spragg provided.

Under the circumstances of this case, a reasonable person could agree with the district court's decision finding there were substantial and compelling reasons to durationally but not dispositionally depart. In effect, the district court reasonably weighed the generosity already built into the plea agreement and determined that further departure was not warranted. We find no abuse of discretion.

Affirmed.